IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

# AT MILLEDGEVILLE,

## NOVEMBER TERM, 1851.

Present—JOSEPH H. LUMPKIN,  
HIRAM WARNER, } Judges.  
EUGENIUS A. NISBET,

No. 80.—ROGER Q. DICKINSON, plaintiff in error, *vs.* GWYNN
ALLISON, defendant in error.

[1.] *Scire facias* to revive a judgment, must issue from, and be returnable to,
the Court of the County in which the judgment was obtained, and service
must be perfected when the defendant or defendants reside out of the
County, by sending out process to the County where they respectively re-
side, directed to the Sheriff of that County, whose duty it is to serve them
personally and return the process.

[2.] *Scire facias* to revive a judgment: *Held,* not to be an original action,
but a continuance of the suit in which the judgment was obtained.

*Certiorari,* from Greene Superior Court. Decision by Judge
STARNES, March Term, 1851.

Gwynn Allison sued out a *scire facias* returnable to Greene
Superior Court, to revive a dormant judgment, rendered in said
Court in his favor, *vs.* Thomas Chaffin and Roger Q. Dickin-

son. Chaffin resided in Muscogee County, and Dickinson in Baker. Copies were served on each by the Sheriffs of their respective Counties; Dickinson appeared and litigated, and judgment was rendered against him. To this judgment, a *certiorari* was sued out to the Superior Court, upon the grounds (among others) that the Clerk of the Inferior Court of Greene County had no right to issue process directed to the Sheriffs of Muscogee and Baker Counties, there being no defendant resident in Greene County. Also, upon the ground that there was not, after the appeal by one of the defendants in the judgment, and a verdict in his favor upon the appeal, any subsisting judgment in the Inferior Court, capable of revival.

Judge *Starnes* overruled the *certiorari*, and this is assigned as error.

A. S. WINGFIELD, for plaintiff in error.

CONE, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

We see no reason, notwithstanding the excellent argument of the counsel for the plaintiff in error, A. S. Wingfield, to reverse the decision made in this case, as to the effect of the appeal entered by one of the defendants in the judgment. It must stand, therefore, as the law of this Court. See *Allison vs. Chaffin*, 8 *Geo. R.* 330.

[1.] The argument for the defendant in error, has, however, induced us to review and reverse the decision in *Gallaher vs. Garvin*, (1 *Kelly*, 315,) so far as the judgment in that case conflicts with that now rendered. The *scire facias* to revive a judgment, must issue from, and be returnable to, the Court where the judgment is rendered. That Court alone has jurisdiction. No other Court can acquire the cause, for the *scire facias* is but a continuance of the original action. Incident to the jurisdiction, is the right to issue process to bring the defendants before the Court. If the defendant resides in the County, there is no

question about this right, but it is questioned here, both defend-ants residing out of the County wherein the judgment was obtain-ed, upon the ground, that by the Constitution, a party in civil cases can only be sued in the County of his residence. We do not hold that this provision of the Constitution is in the way.

[2.] It would be, if *scire facias* to revive a judgment was a civil case, in the view of the Constitution. Whilst it is in the nature of an action, yet we think it is in continuance of the suit in which the judgment was rendered, and therefore, not an origi-nal action ; and for that reason, not such a civil case as the Constitution contemplates. This being so, the Court has juris-diction over the person of the defendant any where within the limits of the State, and may send out its process directed to the Sheriff of the County in which the defendant resides, whose duty it is to serve and return it to the County from which it issued. It issues, as matter of course ; the Clerk acting in this, as in other cases, as the agent of the Court for that pur-pose.

There is no doubt but that in England, the service of a *scire facias* to revive a judgment, when the defendant is not found, is by a return of two *nihils*. There the process searches the king-dom, and it is a legal presumption that the defendant is not in it, when there are two returns of *nihil*. Not so here. The Sheriff of the County where the suit is brought, can only search that County, and two returns of *nihil* may warrant a presumption that the defendant is not within that County, but are no evidence whatever that he is not in some one of the numerous other Counties of the State. The rule of the Common Law is wholly unsuited to the condition of things in Georgia. The practical effect of it, must be to determine the rights of a citizen, without giving him an opportunity of being heard ; a thing which the law abhors. By the Act of 1850, when the defendant is out of the State, service may be perfected by publication, and the Le-gislature say in that Act, that such service shall be as effectual *as if the defendant had been personally served*. This shows the legislative view of what kind of service is requisite when the de-fendant is within the State. This Act was not passed when

*Gallaher and Garvin* was before this Court. See the doctrine as to service of *scire facias*, very fully discussed in *Grimkey vs. Magrant,* 2 *Brevard's R.* 204. See also, generally, *Law Library, July number,* 1851, *title Scire Facias. Tidd's Practice,* 1106. 9 *Johns.* 259. 4 *Greenleaf,* 124, 132. *Cobb's New Dig.* 502. 1 *T. R.* 388.

Let the judgment be affirmed.