FRANCES McINTYRE, administratrix, plaintiff in error, *vs.*
RALPH MELDRIM, defendant in error.

1. When one of the parties to an original contract or cause of action in issue or on trial, is dead, or when an executor or administrator is a party to any suit on a contract of his testator or intestate, the administrator is, under section 3798 of the Revised Code, a competent witness, although the other party is not.
2. A wife is a competent witness, though her husband be a party, but she cannot give evidence of any fact which she acquired by virtue of the confidential relations existing between her husband and herself. (R.)

Competency of witness. Before Judge SCHLEY. Chatham Superior Court. June Term, 1869.

Meldrim sued Mrs. McIntyre, as administratrix of her deceased husband, on an account. She pleaded the general issue and payment. The plaintiff having introduced his evidence, Mrs. McIntyre's testimony was offered by interrogatories. She testified to the payment. Plaintiff's counsel objected to her testimony, upon the ground that her husband being dead, plaintiff could not testify in the cause, and, therefore, she being his administratrix, could not. The Court rejected her testimony, and plaintiff had judgment for his claim. The refusal to admit Mrs. McIntyre's testimony is assigned as error.

THOMAS E. LOYD, by GEORGE A. MERCER, for plaintiff in error, relid upon Crenshaw vs. Robinson, Ex'r., 37th Ga. R., 118, 123.

T. M. NORWOOD, for defendant in error.

McCAY, J.

1. The Evidence Act of 1866, (pamphlet, 138–9, Code, section 3798,) provides that no person shall be excluded from being a witness by reason of crime or interest, or by reason of being a party to the suit. Without question, under this general rule, the administratrix was in this case competent.

McIntyre vs. Meldrim.

But it is said that she comes within the exceptions provided in the Act, of which there are several.

One of the parties to the original contract is dead. The first exception in the Evidence Act is as follows: "When one of the original parties to a contract or cause of action in issue, or on trial, is dead, or is shown to the Court to be insane, or when an executor or administrator is a party in any proceeding on a contract of his testator or intestate, *the other party* shall not be admitted to testify in his own favor."

In 37*th Georgia*, 118, this Court, in *Doe, ex dem. Duke, etc.. vs. Roberson's Ex'rs.*, decided that the administrator might be a witness, although *the other party* could not be. We see no objection to the law as laid down in that case, and it is conclusive upon the point made in this bill of exceptions. Why should not the administrator be a witness? The only objection to him at common law was, that he was a party, and might have an interest in the event of the suit. That objection is totally removed by the Act of 1866. *The other party* cannot testify because the person with whom he contracted is dead and cannot meet him upon the stand, but that is no reason why the administrator should be excluded. In such cases he was, before his appointment, an independent witness, and there is nothing, either in the words or spirit of the exception, to exclude him.

2. In this case the administratrix is the wife of the deceased. We have held at this term, in the case of *Williams and Phillips*, 39th Georgia Reports, 605, that under the Act of 1866 the wife is competent, though she cannot give evidence of any fact which she acquired by virtue of the confidential relations existing between her husband and herself during the coverture. With this qualification the administratrix, even though she be the widow, is competent. In this case, although the witness does say that she acquired certain information from her husband, yet taking her testimony altogether, we think the Court erred in ruling it out. It ought to have gone to the jury with the qualification we have mentioned.

Judgment reversed.