JACOB HILEY, plaintiff in error, *vs.* A.J. HARTRIDGE, defendant in error.

(BY TWO JUDGES.) 1. When a defendant permitted judgment to be obtained against him after the passage of the Relief Act of 1868, he has had his day in Court, and cannot afterwards open the judgment to let in the defenses provided for by that Act.

2. When a levy was made prior to the Relief Act of 1870, but no sale has taken place, the plaintiff in *fi. fa.* is not obliged to attach his affidavit of the payment of taxes to the execution, under the fifth section of that Act, so long as he takes no steps to force a sale. 20th February, 1872.

Relief Acts of 1868 and 1870. Conclusiveness of Judgments. Before Judge CLARK. Macon Superior Court. December Term, 1871.

The opinion contains the necessary facts.

W. A. HAWKINS, for plaintiff in error.

ELI WARREN, for defendant.

MONTGOMERY, Judge.

This was a suit brought by the defendant in error against the plaintiff in error, on a note dated in 1861, and on which he obtained judgment in December, 1868 ; on which execution issued and was levied upon the defendant's property in November, 1869. No sale of the property took place, and after the Relief Act of 1870, defendant moved to open the judgment and avail himselt of the defenses under the Relief Act of 1868, and moved, also, to dismiss the levy, because no tax-affidavit had been filed by the plaintiff in execution. There was no attempt being made by the plaintiff in execution to sell the property. The Court overruled defendant's motion as to the Relief Act of 1868, because he had had his day in Court, and should have made the defense provided for by that Act before judgment; and, as to the motion to dismiss the levy, because the levy had been made before the Act of 1870, and that Act only required the affidavit to be made in a case, like the present, where there was an attempt to force a sale of the property levied on.

We think the rulings of the Court right on both points. The first has already been decided more than once by this Court. The other, we think, a correct interpretation of the statute. We, therefore, affirm his ruling.