C. B. DIBBLE *et al.*, plaintiffs in error, *vs.* T. P. PEASE, defendant in error.

Prior to June, 1865, a debt founded on contract was reduced to judgment. The judgment became dormant, and, in 1875, it was revived

by *scire facias. Fi. fa.* issued upon the revived judgment, and was levied in 1877 upon realty of the defendant. The property was advertised by the sheriff for sale under the levy. Before the day of sale, the defendant tendered to the sheriff an affidavit of his desire to take the benefit of the remedy provided for in the act of 1868, entitled "An act for the relief of debtors, and to authorize the adjustment of debts upon principles of equity." He also tendered security, the bond being conditioned to pay the plaintiff all damages, etc. The sheriff refused to accept the affidavit and suspend the sale. The defendant, thereupon, filed his bill in equity against the sheriff and the plaintiff, in which he prayed only for an injunction to restrain any sale of the property until further order. The bill alleged nothing against the debt or the judgment. It made no charge affecting the legality or the equity of either, and it prayed for no relief as to either. The injunction should not have been granted.

Injunction.    Judgment.    Relief act of 1868.    Before Judge HARRIS.  McIntosh County.  At Chambers.  August 27, 1877.

Report unnecessary.

W. ROBERT GIGNILLIAT, by S. D. McCONNELL, for plaintiffs in error.

P. W. MELDRIM, by brief, for defendant.

BLECKLEY, Judge.

From the passage of the relief act of 1868 (pamph., p. 148) until the debtor in this case took his first step to avail himself of its benefits, was about nine years.  On the face of the act there is no limitation, but in the nature of things, some diligence must have been expected, especially in the delicate matter of re-opening and re-examining judgments.    Here the judgment existing at the time the act was passed, has been renewed by revival.  This took place in 1875.    The same result might have been reached by an action of debt.  Code, section 3604; 7 *Ga.*, 393.  This court has refused to apply the relief act to a judgment rendered

after the act was passed. 44 *Ga.*, 623. The reason given for the refusal was, that the debtor had had his day in court. Would not the same reason apply to a judgment of revival? Is not such a judgment an adjudication that the dormant judgment represented a real debt, and one still subsisting at the date of revival? 7 *Ga.*, 204; 52 *Ib.*, 347; 56 *Ib.*, 286. When called on by *scire facias* to show cause why the judgment should not be revived, the debtor had a forcible reminder from his creditor, that it was time to settle the actual *status* of this old debt. If he ever intended to make any motion under the relief act, the opportunity was then presented. It would not be difficult to hold that failure to make it then, was an end of the matter. But the bill now brought, even if not too late, is not such as equity ought to entertain. It complains of the sheriff's refusal to accept the affidavit, and prays only for injunction against the sale until further order. There is no effort to set forth a meritorious case, under the relief law, against the judgment, or against the debt on which it is founded. No set-off or counter claim, legal or equitable, is alleged. Granting that the sheriff acted illegally in refusing the affidavit, the complainant is not injured thereby, unless he has some ground for a motion under the relief act. His mere desire to claim the benefit of that act, is nothing, unless there is some equitable fact upon which he can rest a good and valid claim. He discloses no such fact. If there be any such, why does he keep it to himself? Why does he not put it in his bill, and let the chancellor look at it? It may be painful to him to have his desire disappointed, but an injunction cannot be granted merely to ease his feelings. A court of equity will not take cognizance of his complaint against the sheriff, without taking the whole case. He desires to make a case by motion under the relief law. The sheriff obstructs him. He comes into equity to make the sheriff behave, but leaves his case out of his bill. He wishes to proceed in both courts at once; in one of them to hold off the sheriff, and in the other to destroy or reduce the

judgment. But equity will take the whole or nothing. 47 *Ga.*, 400.

As a court, we rule nothing at present on the constitutionality of the relief act of 1868. The individual opinion of the chief justice on that subject has been declared more than once, and is well known. Should it become necessary for the other members of the court to deal with the question, they will do so, but the case now in hand calls for no discussion or decision respecting it. Whether the act be constitutional or not, the chancellor erred in granting the injunction.

Cited for plaintiff, 54 *Ga.*, 361, 481; Adams Eq., 435, *notes.* For defendant, acts 1868, p. 150, §7; 10 *Ga.*, 559; 16 *Ib.*, 398; 23 *Ib.*, 321; 24 *Ib.*, 91; 40 *Ib.*, 498, 407; 4 Bouv. Inst., 95; 40 *Ga.*, 490, 326.

Judgment reversed.