## KLASSING et al. v. PAVLOVSKI.

HOLDEN, J. The plaintiff brought an action of trover to recover an iron safe and other personalty. Upon the trial there was evidence tending to show that the plaintiff owned the property sued for about eight years prior to the filing of the suit, at which time he left the property in the possession of one of the defendants, and that this defendant held for the plaintiff a portion of such property, without claiming any title thereto, until about six months before the suit was filed, when such defendant made a sale of a part thereof and converted it to her own use. *Held*:

1. Where there was evidence tending to show what was, several years prior to the conversion, the value of some of the property sold and converted about six months prior to the filing of the suit, and the evidence did not show that it was of equal or greater value between the time of the conversion and the time of the trial, it was error upon the trial of the suit, wherein the plaintiff elected to take a money verdict, for the court to charge the jury that if the plaintiff was entitled to recover any of the property sued for, he was entitled "to recover the highest proven value of this property," under the evidence in this case," it not appearing that the court instructed the jury that the highest proven value recoverable by the plaintiff was such value between the time of the conversion and the date of the trial. Such charge was liable to mislead the jury into the belief that they were authorized to find the highest value shown by the evidence to exist prior to the conversion.

2. The other charge complained of was not error requiring a new trial for any reason assigned.

3. Where the plaintiff, in an action of trover, in his petition asserts that the defendants are in possession of certain personalty of a named value, and refuse to deliver it to the plaintiff, or to pay him the profits thereof, and in an affidavit to obtain bail he states that "he does verily and bona fide claim said personal property," and there is no demurrer to such petition, or other objection during the trial, on the ground that the petition fails to assert title in the plaintiff, or other right to recover, and defendants in answering assert title to such of the property sued for as they are in possession of, such failure of the plaintiff to assert in his petition title to the property, or other right to recover, furnishes no reason for setting aside a verdict in favor of the plaintiff.

> *Judgment reversed. All the Justices concur.*
> JULY 14, 1910.

Trover. Before Judge Wright. Floyd superior court. January 4, 1909.

*Denny & Harris* and *Dean & Dean,* for plaintiffs in error.
*F. W. Copeland* and *Hal Wright,* contra.