## 3949.   MARTIN *v.* THE STATE.

1. Counsel should not in their argument state prejudicial facts not appearing from the evidence, or not fairly deducible therefrom. Where, in a criminal case, a verdict of acquittal is authorized, and such a prejudicial argument is made by the State's attorney, it is error, requiring the grant of a new trial, to decline to rebuke counsel and give proper cautionary instructions to the jury, when timely objection to such argument has been made.
2. Statements made to the court by counsel while discussing a preliminary

motion, before the jury is impaneled, furnish no reason for setting aside a verdict.

3. Where in a criminal case all the evidence is circumstantial, it is erroneous to charge in such a way as to leave the impression that there is direct evidence against the accused.

4. Other points are controlled by the decision this day rendered in *Martin* v. *State* (No. 3848), ante, 795.

DECIDED MARCH 19, 1912.

Conviction of larceny; from city court of Floyd county—Judge Reece. December 21, 1911.

*Eubanks & Mebane,* for plaintiff in error.

*John W. Bale, solicitor-general, Moses Wright, A. W. Shanklin,* contra.

POTTLE, J. This is a companion case to that of *Martin* v. *State* (No. 3848), ante, 795. All the points raised in the present record are controlled by that decision, except those referred to in the headnotes of this decision.

Complaint is made of certain alleged prejudicial statements made by counsel for the State during the hearing of a motion for continuance and before the jury was· impaneled. These statements, being made to the court, furnish no reason for setting aside a verdict afterwards rendered. The remedy, if the accused had any, was to challenge the poll of each juror and ascertain if the statements made in his hearing by the State's attorney had prejudiced the juror against the accused. *Smith* v. *State, 7 Ga. App.* 253 (2b); *Kidd* v. *State,* ante, 148.

The evidence was wholly circumstantial. This being true, it was inaccurate and probably harmful for the court to state to the jury that it was claimed that at least a part of the evidence was circumstantial. The only really material error in the record is that indicated by the first headnote. The accused was found in the recent possession of a set of harness belonging to one Wilkerson; and there was evidence that this set of harness had been stolen. It also appeared that a number of other sets of harness were found in the possession of the accused at the time and place at which the harness described in the indictment was found. Unlike the evidence in the case against the accused, reference to which has hereinbefore been made, there was no evidence that any of these sets of harness, except that belonging to Wilkerson, had been stolen. There was evidence that the accused was a small trader, and that for sev-

eral years he had been engaged from time to time in buying and selling articles such as those which were found in his possession. While making the concluding argument to the jury, one of the attorneys employed to assist the solicitor-general used this language: "Officers found Claud Wilkerson's harness in Will Martin's barn, along with 22 other sets of stolen harness." Counsel for the defendant objected to this argument, and moved the court to declare a mistrial. "The court overruled the motion to declare a mistrial, declined to rule out said statement and to rebuke counsel for making it, and failed to caution the jury that such statement was improper." This court is not disposed to unduly circumscribe counsel in their arguments, but, on the contrary, is inclined to allow them all reasonable latitude, provided they do not go beyond the facts in evidence, or inferences which may be fairly deduced therefrom. There is nothing in the evidence in this case to indicate that there were 22 other sets of stolen harness in the barn of the accused. Nor is there any testimony from which such an inference could fairly be drawn. It certainly was not fair to assume that because these sets of harness were found in the possession of the accused they had necessarily been stolen. It is very probably true that the counsel who made the statement may have had in mind the evidence which had been introduced in the other case against this same defendant, to the effect that several of these same sets of harness had in fact been stolen. In the other case we held that this evidence was admissible; and, hence, it would have been legitimate, with this evidence in, for counsel to have commented upon it; but, in the absence of such evidence, it was altogether improper to make the statement above quoted, and, when objection was made to it by counsel for the accused, the court should at least have rebuked counsel and cautioned the jury to disregard the improper statement. Having failed to do this, and the argument being of such a nature as naturally to prejudice the defense, a new trial is ordered, upon this ground alone, there being evidence in the record from which the jury might properly have returned a verdict of acquittal.    *Judgment reversed.*