6943. WESTERN & ATLANTIC RAILROAD COMPANY *v.* WALDRIP.

WADE, C. J. 1. A carrier is bound to exercise ordinary diligence (Civil Code, § 2711), and a common carrier to use extraordinary diligence. Civil Code, § 2712. A private carrier "is bound only to exercise reasonable care in respect to the goods, but is liable for failure to use ordinary care." 1 Michie on Carriers, 726. All persons who undertake, for hire, to carry goods of another are either private carriers or com-

mon carriers. Private carriers are liable only for injury or loss resulting from the failure of themselves or their servants to exercise ordinary care, but common carriers are liable as insurers for all injury or loss not resulting from the act of God or the public enemy. Notwithstanding the usual rule that "a railroad company chartered to transact the general business of a common carrier can not by special contract make itself a private carrier as to a particular commodity which it is bound to transport as a common carrier," "it has been held that as to live stock a common carrier may, by an agreement with the owner, so vary and change his relation as to become a private carrier." 4 R. C. I. 549, 550. A contract for the carriage of live stock, limiting the liability of a carrier in consideration of a reduced rate, is valid and binding under the laws of this State. Civil Code, § 2726. *Georgia Railroad* v. *Spears,* 66 *Ga.* 485 (42 Am. R. 81); *Cooper* v. *Raleigh & Gaston Railroad Co.,* 110 *Ga.* 659 (36 S. E. 240); *N., C. & St. L. Ry.* v. *Truitt Co.,* 14 *Ga. App.* 767 (82 S. E. 465).

2. Under the terms of a valid contract for the carriage of live stock, which, in consideration of a reduced rate, fixed the liability of the carrier as that of a private carrier only, the carrier was bound to exercise ordinary care, and the trial court did not err in so instructing the jury.

(*a*) The court did not err in failing to instruct the jury that the carrier was bound to exercise only slight diligence, and was liable only in the event of gross negligence. In the case of *Georgia So. Ry. Co.* v. *Greer,* 2 *Ga. App.* 516, 518 (58 S. E. 782), the contract itself expressly declared that the carrier should be bound only to exercise slight diligence, and liable for only gross negligence, but no such provision appears in the contract under consideration.

3. Grounds of a motion for a new trial complaining of the refusal of the court to allow a witness to answer a certain question of counsel must be complete and must of themselves disclose the expected answer and that the judge was informed of it. It does not appear from the 5th ground of the motion for a new trial what answer would have been given by the witness Holman or what testimony was expected in response to the question as to what in his opinion killed one of the cattle sued for. Therefore it can not be determined from this ground of the motion whether the refusal to allow the witness to answer was harmful to the defendant or not.

4. Whether or not the presumption of negligence, which arose as a matter of law against the carrier upon proof of the loss of the cattle in transit was sufficiently rebutted was a question solely for determination by the jury, and while the testimony appears to preponderate largely in favor of the defendant, there was some evidence from which the jury might infer a lack of that degree of diligence which the special contract required of the carrier, and this court therefore can not say that the verdict was without any evidence to support it.

5. Grounds of the motion for a new trial not insisted upon in the brief of counsel for the plaintiff in error need not be considered.

*Judgment affirmed.*

DECIDED JUNE 23, 1916.

Appeal; from Gordon superior court—Judge Fite.   September 3, 1915.

*Tye, Peeples & Jordan, O. N. Starr,* for plaintiff in error.
*Lang & Henson,* contra.