*T. H. Milner,* contra.

---

### 8948. SAPPINGTON *v.* RIMES.

JENKINS, J. 1. In a trover suit the plaintiff must show a conversion on the part of the defendant. Refusal to surrender the property on demand does not constitute conversion, but is evidence thereof. While such a demand and refusal is necessary to the maintenance of an action in trover where the property came into the defendant's hands lawfully, unless it otherwise affirmatively appears that there was an actual conversion prior to the bringing of the suit (*Baston* v. *Rabun,* 115 *Ga.* 378, 41 S. E. 568), it is the rule, ordinarily, that no such demand and refusal need be shown for the purpose of proving conversion where the defendant is in possession of the property when the action is brought. Civil Code (1910), § 4483. The fact that possession of stolen property, unlawful as against the true owner, may have been acquired in good faith will not prevent such possession from operating as a conversion against the true owner (*Miller* v. *Wilson,* 98 *Ga.* 567, 569, 25 S. E. 568, 58 Am. St. R. 319; *Liptrot* v. *Holmes,* 1 *Ga.* 381, 391); and thus, in a suit in trover where the plaintiff elects to take a money verdict, he is privileged to recover the highest proved value between the date of such conversion and the date of trial; and even though there be no demand and refusal, the plaintiff is not limited to the highest proved value between the time when the suit was brought and the date of the trial.

2. Where, in an action in trover, the plaintiff chooses as his form of recovery the highest proved value of the property between the time of conversion and the date of the trial, the amount of the recovery is limited to the value laid in the petition.

3. So far as appears from the record, the statements of the plaintiff, complained of in the third and fourth grounds of the amendment to the motion for a new trial, made by him while a witness in his own behalf, were statements of fact within his knowledge, and the court did not, for any reason assigned, err in admitting them in evidence.

4. It was error for the court to instruct the jury that "The plaintiff has elected to take a money verdict in this case, and if you find that he is

entitled to recover, you will be authorized to find the highest proven value of the property," the highest proved value having reference to a time prior to the conversion, without any proof of the continuance of such value subsequent thereto (*Klassing* v. *Pavlovski*, 134 *Ga.* 815, 68 S. E. 614), and the evidence submitted as to value between the date of conversion and the trial not being such as would demand a finding equal in amount to the verdict rendered. *Johnson* v. *Stevens*, 19 *Ga. App.* 192, 91 S. E. 220; *Lott* v. *Banks*, 21 *Ga. App.* 246, 94 S. E. 322, 324). It does not appear that the court instructed the jury that the highest proved value recoverable by the plaintiff was that between the time of conversion and the date of the trial; and "where the entire charge is not sent up in the bill of exceptions or in the record, and the portion of the charge excepted to is error, without qualification, and when the judge who tried the case makes no statement in his certificate which shows that it was qualified by other parts of the charge, this court will presume that there was no qualification." *Central Railroad* v. *Senn*, 73 *Ga.* 705.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED MARCH 12, 1918.

Trover; from city court of Zebulon—Judge Dupree. May 15, 1917.

*Redding & Lester,* for plaintiff in error.

*J. M. Smith,* contra.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*