19888.   BUSSEY *v.* HOLTSIZER.

DECIDED FEBRUARY 15, 1930.

W. D. Lanier, for plaintiff in error.

John F. Hardin, Hammond & Kennedy, contra.

BELL, J. In a suit by W. L. Holtsizer against David T. Bussey for an alleged breach of contract, the jury found a verdict for the plaintiff, and the defendant excepted to the overruling of his motion for a new trial.

The plaintiff alleged in his petition that he purchased an automobile from the defendant at the price of $675, paying $205 in cash and promising to pay the balance in monthly installments of $25 each; that he was unable to meet the payment which fell due on February 4, 1928, and, having at this time paid all the purchase-money except $220, he delivered the car into the possession of the defendant under an agreement to the effect that the defendant would hold the car for thirty days, within which time the plaintiff was to pay the past-due installment; that within the period named the plaintiff tendered to the defendant the entire balance of $220, but that the defendant had in the meantime sold the automobile, and in so doing had converted the car to his own use. The suit was to recover as damages the sum of $230 as the alleged difference between the balance of the debt and the value of the car at the time the defendant sold it.

According to the answer and contention of the defendant, the plaintiff brought the automobile to the defendant's place of business and stated that he could not finish paying for it, and wanted to surrender it in settlement of the balance due, and that the defendant accepted the car back upon the terms stated, and thus had the right to dispose of it without any sort of accountability to the plaintiff.

■ The evidence authorized the finding in favor of the contentions of the plaintiff as to the terms and the breach of the contract as alleged in the petition. The verdict in his favor for damages in the sum of $155 was also supported by the evidence.

■ In ground 1 of the amendment to his motion for a new trial the defendant assigned error upon the following charge of the court: "If, however, you find from the evidence that Mr. Holtsizer did not surrender the car to Mr. Bussey, but that he left it with Mr. Bussey on an agreement that he would have thirty days in which to pay the balance due on the car, and that he within that thirty days did tender that balance, and Mr. Bussey had disposed of the car, then your verdict should be for the plaintiff, and you should find for the plaintiff the difference between the market value of the car and the amount that remained due on the car."

The complaint is that this charge submitted to the jury the highest proved value of the car between the date of the sale to the plaintiff and the time of the trial, and that since there was evidence of market value both before and after the alleged conversion, the charge was confusing and erroneous, in that the jury could take the highest proved value of the car prior to the conversion and, by subtracting therefrom the balance due by the plaintiff, return a verdict in favor of the plaintiff for a larger sum than the plaintiff would in any view be entitled to recover. In other words, it is contended that the instruction excepted to permitted the jury to find for the plaintiff upon the basis of a value at a time prior to the conversion; whereas "the question being tried as to damages was the highest proven value of the automobile at the date of conversion to the time of trial of the case, less any sum due Mr. Bussey on the purchase-price of the car, and the judge should have confined his charge on the measure of damages between the date of conversion and the time of the trial; and not doing so was material error against movant."

A similar question is raised by the assignment of error in ground 4 of the motion for a new trial, in which other portions of the court's charge are excepted to.

There is no merit in either of these grounds of the motion for a new trial. Whether the instructions might have been subject to other criticism, they were not erroneous for the reasons assigned. The exceptions are taken upon the theory that the action was a suit in trover, with the right in the plaintiff, should he prevail, to recover the highest amount which he could prove as the value of the property between the time of the conversion and the trial. Such is not a proper conception of the case. It was an action for a breach of contract, in which the plaintiff's measure of damages was the difference between the value of the automobile at the time the defendant sold it and the balance of the debt, to be increased by the addition of interest, should the jury see fit to allow it, and there was no issue as to the measure of damages recoverable in a trover case. See *Waring* v. *Gaskill*, 95 *Ga.* 731 (2) (22 S. E. 659) ; *Harrell* v. *Citizens Banking Co.*, 111 *Ga.* 846 (1, 2) (36 S. E. 460) ; *Bennett* v. *Tucker*, 32 *Ga. App.* 288 (123 S. E. 165).

Cases cited by counsel for the plaintiff in error were trover cases, and are not in point. *Klassing* v. *Pavlovski*, 134 *Ga.* 815 (68 S. E. 614) ; *Sims* v. *Bolton*, 138 *Ga.* 73 (2) (74 S. E. 770) ; *Sappington* v. *Rimes*, 21 *Ga. App.* 810 (4) (95 S. E. 316).

Even if the exceptions, by liberal construction, could be taken as broad enough to raise the point that the judge should have confined the jury to a consideration of the value of the automobile at the date the defendant sold it, the incompleteness of the charge in this respect would hardly be cause for a new trial, under the facts appearing. The court did not expressly submit an issue as to the value at any other time, and the jury must have understood that, as to damage, the question was as to the value at the time the defendant sold the automobile in violation of his alleged agreement to give the plaintiff thirty days in which to redeem it. This was the measure of damages which the plaintiff sued for and to which all of the evidence was directed, and, under the entire record, it is apparent that the defendant could not have been harmed by the instruction complained of.

■ Grounds 2 and 3 complain of instructions to the effect that if the jury should find for the plaintiff, the amount of the plaintiff's

recovery would be the difference between the market value of the car and the amount due by the plaintiff; the exceptions being that the excerpts amounted in each instance to an expression of opinion by the court as to what had been proved, in that they suggested or implied that there was a difference between the market value of the car and the amount due on it by the plaintiff, and that the value of the car exceeded such indebtedness.

The evidence introduced by the defendant showed that the car was worth from $200 to $250, while the evidence of the plaintiff tended to show that it was worth $375 or more, it appearing that the defendant sold it for $375 a few days after it was left in his possession.

The trial judge was merely stating the proper measure of damages, and intelligent jurors could not reasonably have understood that he was expressing any opinion as to what had or had not been proved upon the question of value. The excerpts did not imply such intention upon his part, and there was no reason why the jury should have ascribed such intention to him. See, in this connection, *Louisville & Nashville R. Co.* v. *Mitchell*, 34 *Ga. App.* 573 (2) (130 S. E. 534).

If the court expressed an opinion upon the matter referred to in ground 5, it was about something that was not an issue in the case, and, hence, no error was committed.

Ground 6 complains that the court erred in overruling an objection made by counsel for the defendant to an opening statement of counsel for the plaintiff, the alleged error being that by overruling this objection the court "established" that the plaintiff would be entitled to prove certain facts, which the plaintiff did later prove. There was no objection to the evidence introduced by the plaintiff touching these facts, and it follows that ground 6 presents no question for determination by this court.

■ Ground 7 complains that the court erred in allowing the plaintiff's wife to testify that when, in behalf of her husband, she tendered to the defendant the balance due upon the car, he stated that he did not know that the car had been sold, and that he would give the plaintiff another automobile if this would be satisfactory. The objection to this evidence was that it tended to show an offer of compromise, and for this reason was inadmissible. It does not appear that the defendant's statement or proposition was made with

a view to a compromise, and the court therefore did not err in admitting the testimony. *Cooper* v. *Jones,* 79 *Ga.* 379 (2) (4 S. E. 916) ; *Hatcher* v. *Bowen,* 74 *Ga.* 840 (c) ; *Teasley* v. *Bradley,* 110 *Ga.* 497 (6) (35 S. E. 782, 78 Am. St. R. 113) ; *McBride* v. *Georgia Ry. & Electric Co.,* 125 *Ga.* 515 (54 S. E. 674) ; *Wilson* v. *Wilder,* 23 *Ga.* 30 (97 S. E. 447) ; *Hening* v. *Glanton,* 27 *Ga. App.* 339 (2) (108 S. E. 256).

The court did not err in refusing a new trial.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*