## 24994.   KAISER v. SIMMONS.

DECIDED JANUARY 7, 1936.

*Scott Candler,* for plaintiff in error.  *D. J. Meyerhardt,* contra.

JENKINS, P. J.  1.  Where a promissory note was made payable to the order of a named person, followed merely by the word "trustee," and such payee in like manner indorsed the note and delivered it to a third person, in a suit on the note by the indorsee against the maker and the indorser, although under the rule of descriptio personæ the manner of the indorser's signature indicated prima facie that he signed as an individual and that his obligation as indorser was his individual undertaking (Code of 1933, §§ 14-220, 4-401), he was nevertheless entitled to show by parol that he in fact acted in the transaction merely as the trustee or agent of the plaintiff indorsee, and that his indorsement of the note, though in blank, was, under his agreement with the indorsee, made solely for the transfer of title to her as the true and rightful owner.  The rule would be different if the instrument had been indorsed to a bona fide purchaser for value before maturity.  *Burkhalter* v. *Perry,* 127 *Ga.* 438, 441-443 (56 S. E. 631, 119 Am. St. R. 343) ; *Crusselle* v. *Chaslain,* 76 *Ga.* 840; *Coaling Coal & Coke Co.* v. *Howard,* 130 *Ga.* 807, 811 (61 S. E. 987, 21 L. R. A. (N. S.) 1051) ; *Wright* v. *Morris,* 50 *Ga. App.* 196 .(177 S. E. 365) ; *Ocilla So. R. Co.* v. *Morton,* 13 *Ga. App.* 504, 506 (79 S. E. 480) ; Metcalf *v.* Williams, 104 U. S. 93 (26 L. ed. 665) ; Beutel's Brannan's Neg. Inst. Law (5th ed.), 272-274, 442, 627, 722, 735, and cit.

(*a*)  Parol testimony on both sides, supporting and contradicting the defense of the indorser, as above indicated, was admitted without objection.  A verdict not being demanded in favor of the indorser, the court did not err in refusing a new trial on the general grounds.

(*b*)  Exception is taken to the failure of the judge to charge, on his own motion, that "the movant had the right to explain as between him and the plaintiff that his indorsement was given for the purpose of passing title only, and not to create any liability on said movant, and that one who assigns a note as trustee is not liable on a note as trustee so expressed in the note, if the consideration thereinafter inured exclusively to the benefit of the cestui que trust."  The judge having charged so much of the above conten-

tion as was legal and proper, by instructing the jury that if they believed the defendant's contention it would be their duty to return a verdict in his favor, the exception is without merit. If any additional charge on these legal principles was desired, it should have been requested in writing.

2.    The exception to the *instruction* as to the form of verdict, in the event the jury should find that the defendant indorser was not liable personally, is without merit; since it appears from the certificate of the judge that counsel on both sides, before the retirement of the jury, agreed that the jury could determine the issue of personal liability, "and then permit counsel to prepare the verdict," and that "the verdict was prepared by counsel after the jury brought in a verdict against [the indorser], and the prepared verdict submitted to the jury, and they signed it as their verdict." No exception is taken to the *form* of the verdict as thus finally rendered.

3.    While the suit on the note in question and a similar suit were pending against the maker and the indorser, a written contract was signed by all the parties, reciting the giving to the plaintiff of three new notes for $100 each, due at monthly intervals, signed by the maker of the original note and indorsed by the original indorser, and that "The parties hereto have this day agreed, subject to the consent of the court, that if the above-mentioned notes are paid promptly at their maturity, no trial or hearing is to be had in the two above-stated cases, and that no garnishment or other proceedings are to be taken in said cases, prior to the May term, 1934;" and that "when said notes have been paid in full, the amount paid on said notes is to be credited on the amount sued for in the two suits above mentioned." Exception is taken to the admission of this evidence, on the ground that "it was an effort between the parties to said suit to compromise and settle same without a hearing in court." Neither the agreement itself nor any testimony showed that the writing was executed "with a view to a compromise," thus rendering it inadmissible under the Code, § 38-408. So far as indicated, the purpose of the agreement was merely to delay any trial or any ancillary proceedings based on the suit until the date specified. Nothing appearing in the pleadings or evidence to indicate that the case was being prematurely pressed, the introduction of the agreement might have been

358

irrelevant, but it was not harmful. Even if it were irrelevant, that is different from being prohibited by the statute for the reason set forth in the sole ground of exception. See *Blakely Hardwood Lumber Co.* v. *Reynolds Lumber Co.*, 173 *Ga.* 602, 606 (160 S. E. 775); *Howland* v. *Bartlett*, 86 *Ga.* 669 (12 S. E. 1068); *Bussey* v. *Holtsizer*, 41 *Ga. App.* 178 (4) (152 S. E. 293).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*