25121. CITY OF LAFAYETTE *v.* ROSSER.

DECIDED APRIL 13, 1936.

*S. W. Fariss, G. W. Langford,* for plaintiff in error.
*Wright & Covington, Rosser & Shaw,* contra.

JENKINS, P. J. ■ In this suit by a property owner against a municipality for the market value of a part of his land taken in improving a street, the value of a shade-tree on the property, and consequential damage to the remainder of the land, the verdict

for $250 in favor of the plaintiff being authorized on the issues of ownership and the amount of damage, the general grounds of the motion for new trial as to those questions are without merit.

■ Exception is taken by the city to the exclusion of the following testimony, offered as material to establish a twenty-year prescriptive title in the city to the part of the lot alleged to have been taken: "Q. Do you know what the width of the street has been there at [the plaintiff's] place, or has the street been a uniform width throughout the entire street? A. Well, my undertanding was that the street was straight and it would be that." Previously this witness had testified that he then lived on the street, and had lived there for about forty-five years. He described the place where the street began and how it ran by his own place, stating: "At my house they laid off the sidewalks, and my sidewalk it was 40 feet, 30 feet from the street." Irrespective of whether or not a prescriptive title in the city could be established merely by testimony of general reputation, or by what a witness understood as to the curvature, crookedness, or straightness of street lines, the excluded testimony quoted failed to show in either the question or answer when or how long the street had been straight or of the uniform width contended, even if it be taken with the previous testimony of the witness, as above stated, that the width of the streets and sidewalks, as "they laid off the sidewalks" at his place, was the number of feet stated. All of such evidence failed to fix the time of such laying off. The exception to the exclusion of the question asked upon direct examination, "I will ask if you know by general reputation what the width of Cherokee Street was?" is without merit for the same reason; and for the additional reason that the ground fails to show that the expected answer of the witness was stated. *City of Jackson* v. *Wilson,* 146 *Ga.* 250 (4), 252 (91 S. E. 63); *Allen* v. *Kessler,* 120 *Ga.* 319 (47 S. E. 900); *Western & Atlantic R. Co.* v. *Waldrip,* 18 *Ga. App.* 263 (3) (89 S. E. 346). Neither the excluded testimony nor any other evidence being sufficient to raise an issue upon the defendant's contention that the city had acquired a prescriptive title by twenty years adverse possession of the land alleged to have been taken from the plaintiff, the court did not err in refusing to charge the defendant's requested written instructions relating thereto. Moreover, even if other evidence

could be taken as sufficient to raise such an issue, the court in its general charge fully, fairly, and correctly submitted to the jury the essential legal rules.

■ Under the Code of 1933, § 69-308, it is a prerequisite to the recovery of money damages from a municipal corporation on account of an injury to person or property, that the plaintiff shall show a "substantial compliance" with its provisions, and not only that a written claim of the nature and contents specified shall have been presented before the suit to the governing authority of the municipality for adjustment, but that either the municipal authorities must have actually passed upon the claim, or more than thirty days must have elapsed between its presentation and the filing of the suit, within which the authorities failed to act upon it. City of Tallapoosa v. Brock, 138 Ga. 622 (75 S. E. 644); Bostwick v. Griffin, 141 Ga. 120 (80 S. E. 657.); Saunders v. Fitzgerald, 113 Ga. 619, 620 (38 S. E. 978); Grooms v. Hawkinsville, 31 Ga. App. 424 (120 S. E. 807). In the instant case the court did not err in admitting the written notice of claim, over the objection that there was no testimony to show that it had been presented as required by the statute, since there was sufficient testimony to authorize its admission. Nor was the verdict contrary to law or illegal, upon the contention that, while it was alleged by an amendment to the petition that the claim was filed with the treasurer of the city, he being the city officer in control of its books and records, there was no evidence to support these averments, and that the testimony, tending to show only a delivery of the claim to the mayor of the city, was in fatal variance with these allegations; unstricken averments in the original petition also alleging that the "written demand" was made "upon the City of LaFayette and the governing authorities thereof," and that the claim was filed "with the said City of LaFayette and the governing authorities thereof."

■ Exception is taken to the following charge to the jury: "If you find that the notice about which the court has just charged you, and as alleged in the plaintiff's petition to have been given to the City of LaFayette, was, within thirty days or more before the filing of the suit, in the hands of the mayor . . or any other governing authority of the city, that would be a substantial compliance with the statute." Immediately following

this, the court said: "If you find, on the other hand, that the notice, about which the court charged you, the written notice, was not served upon the defendant municipal corporation *within the period of time* as already charged you by the court, then it would not be a compliance with the statutory requirements." These instructions, in effect making a recovery conditional upon the plaintiff having given the written notice to the municipal authorities *"within"* rather than beyond the thirty-day statutory period, would, under the rule stated, have constituted reversible error; but such error was harmless, since the only issue presented by the evidence arose under the testimony of witnesses that notice had not been given at any time, in contradiction of the plaintiff's testimony that he had given the notice at a certain stated time, more than thirty days before suit, and thus there was no controversy as to the time.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*