### 35725. STEWART *v.* WILSON.

DECIDED JUNE 28, 1955—REHEARING DENIED JULY 15, 1955.

*Martin, Snow & Grant,* for plaintiff in error.

*Popper & Morgan,* contra.

NICHOLS, J. ■ The first special ground of the motion for new trial is based on newly discovered evidence. The defendant contends that since the trial of the case, and within the time when a motion for new trial may be made, an eyewitness to the collision has been discovered. The witness is the only eyewitness to the collision who is not an interested party to the case. An affidavit of the eyewitness as well as affidavits of his neighbors showing his good character were attached to the motion for new trial in addition to the affidavits of counsel for the defendant and of the de-

fendant showing their diligence and that their failure to locate the witness before the trial of the case was not due to any lack of diligence. A counter-affidavit of the counsel for the plaintiff was also attached. All the affidavits attached to this ground show that the newly discovered witness lived within 100 feet of the place where the collision occurred. He stated in his affidavit that he saw the collision take place and after describing it stated that it was in no way the defendant's fault. The affidavit of C. Cloud Morgan, of counsel for the plaintiff, stated that he contacted the witness before the trial and that the witness told him that he had heard the crash, but did not see the collision, that he rushed out of his house after he heard the crash and was one of the first persons to arrive on the scene, if not the first.

In view of the conflicting evidence presented by the affidavits for the defendant and the counter-affidavit for the plaintiff the trial judge became the trior of the issue as to whether this special ground of the motion for new trial based upon newly discovered evidence was sufficient and should cause a new trial. This court and the Supreme Court have consistently held that, unless the discretion of the trial judge has been manifestly abused, a new trial on this ground will not be ordered. *Staton* v. *State,* 174 *Ga.* 719, 725 (163 S. E. 901); *Central of Georgia Ry. Co.* v. *Clark,* 15 *Ga. App.* 16 (82 S. E. 600); *Phillips* v. *State,* 56 *Ga. App.* 463 (192 S. E. 840); *Brand* v. *City of Lawrenceville,* 64 *Ga. App.* 357, 359 (13 S. E. 2d 214).

■ In the second special ground it is contended that the trial court erred in refusing to allow the jury to consider the answers of the plaintiff's husband to the following questions asked him by the defendant's counsel on cross-examination. "Have you ever had any trouble with your wife about her drinking? Not any at all? You never had any trouble about it? How long has she been taking a drink? How long have you all been married? Been taking one all during that time? When was the last time you or she took a drink?" The defendant contends that such questions were for the purpose of impeaching the testimony of the plaintiff, and would have tended to prove to the jury that the plaintiff was an habitual drinker. Where a husband or wife has testified, the other is not a qualified witness to discredit such testimony by testifying to information received as a result of the

marital relation. *Keaton* v. *McGwier*, 24 *Ga.* 217 (1); *Gorman* v. *State*, 183 *Ga.* 307 (188 S. E. 455). Under the ruling in *Macon Railway & Light Co.* v. *Mason*, 123 *Ga.* 773 (7) (51 S. E. 569), a husband can properly testify as to injuries received by his wife and her physical condition as the result of such injuries; he cannot, however, testify as to conclusions, nor can he testify to any information received by him as a result of the marital relation. *McIntyre* v. *Meldrim*, 40 *Ga.* 490 (2). The questions above set forth as the basis for this ground are questions the answers to which could be obtained by the husband only through the marital relation. Accordingly, the trial court did not err in not allowing the answers to the above questions into evidence.

■ The third special ground complains that the trial court erred in refusing to permit Joe Munn, a witness for the defendant, to answer two questions, which were set out in the amended motion, over the objection of the plaintiff that the questions called for a conclusion by the witness. The defendant contends that the witness was the best uninterested witness to testify on the point raised in the questions. The defendant, however, did not show the trial court, or this court, the answers expected from the witness to the questions propounded. "Grounds of a motion for a new trial complaining of the refusal of the court to allow a witness to answer a certain question of counsel must be complete and must of themselves disclose the expected answer and that the judge was informed of it." *Western & A. R. Co.* v. *Waldrip*, 18 *Ga. App.* 263 (89 S. E. 346); *Farrar Lumber Co.* v. *City of Dalton*, 20 *Ga. App.* 138 (1) (92 S. E. 946); *City of Lafayette* v. *Rosser*, 53 *Ga. App.* 228 (185 S. E. 377). Accordingly, this ground of the amended motion for new trial presents no question to this court for decision.

■ The defendant contends that since the petition alleged that the left front of the defendant's automobile struck the left front of the plaintiff's automobile, and on the trial of the case, all the evidence showed that the right front of the defendant's automobile was damaged and the entire front of the plaintiff's automobile was damaged, the evidence did not support the verdict and the verdict was contrary to the evidence. All of the witnesses testifying as to where the automobiles came to rest after the collision said that the defendant's automobile was astraddle the center line of the

518

highway except the defendant, who said his wheel was on "that" line. There were no eyewitnesses testifying, other than the parties, on the trial of the case. The plaintiff testified that the defendant was on the plaintiff's side of the road when the collision occurred. The defendant testified that the plaintiff was on defendant's side of the road when the collision occurred. Under the decision of this court in *Gray* v. *Plummer*, 87 *Ga. App.* 331 (73 S. E. 2d 569), and cases cited therein, the testimony of the witnesses showing which parts of the automobiles were damaged, being unobjected to, had the effect of amending the petition to allege that the parts testified to as being damaged were the parts that collided when the collision occurred. The jury apparently believed the plaintiff, and where there is some evidence, however slight, to authorize a verdict, this court will not disturb it. *Kaiser* v. *Simmons*, 52 *Ga. App.* 355 (183 S. E. 343).

■ The other special ground of the amended motion for new trial, not being argued or expressly insisted upon, will not be considered.

The trial court did not err in overruling the defendant's motion for new trial for any reason assigned.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*