35742. HOWARD *v.* RENFROE *et al.*

60

Decided October 24, 1955—Rehearing denied November 22, 1955.

*Robert S. Horne,* for plaintiff in error.
*Martin, Snow & Grant,* contra.

Nichols, J. ■ Special grounds one through six complain that the trial court erred in failing to charge the jury without a timely written request on certain laws applicable to the operation of a motor vehicle. More particularly these special grounds complain that without request the court did not charge on the duty to give notice to approaching vehicles, keeping an automobile under control, duty to pass on the left, duty to keep a lookout ahead, and § 82-905 of the Macon Traffic Code, which was pleaded, relative to passing automobiles going in the same direction. The complete charge is in the record; it was full and fair and it em-

braced the general principles of law applicable to the issues. If any amplification of the general principles of law, which the charge contained, had been desired they should have been made the subject of an appropriate and timely written request. *Beardsley* v. *Suburban Coach Co.*, 83 *Ga. App.* 381, 393 (11) (63 S. E. 2d 911).

■ Special ground 7 complains that the trial court charged on establishing a case by circumstantial evidence, and erred in not charging the law with reference to establishing a case by direct evidence. Assuming, but not deciding that it was error for the court to fail to charge on direct evidence, after having charged on circumstantial evidence, since all of the evidence in this case was direct evidence, the jury could not have been misled in arriving at their verdict as contended by the plaintiff in error.

■ Special ground 8 complains that the trial court erred in refusing to admit into evidence § .82-1218 of the Traffic Code of the City of Macon. To fully understand this ground it will be necessary to consider the following which took place on the trial during the time when the plaintiff was offering in evidence various ordinances of the City of Macon, as stated by the trial judge with reference to approving this ground of the motion for new trial. The plaintiff's attorney read the ordinance and the court then said, "Any objection to that ordinance going in?" Counsel for the defendants replied, "I have a recollection that that particular section is unconstitutional." The court then stated, "I don't believe that I can admit that one." Whereupon counsel for the plaintiff said, "I may offer that one later." It does not appear that the plaintiff offered the ordinance in evidence later after he, in effect, withdrew it. Where the counsel for the plaintiff withdrew the ordinance after offering it and did not again offer the ordinance into evidence there can be no merit in this assignment of error. See *Wood* v. *Lovelady*, 176 *Ga.* 866 (3) (169 S. E. 93).

■ Special grounds 9, 10, 11 and 12 deal with alleged improper argument to the jury by counsel for the defendant, as to which counsel for the plaintiff in each instance moved that "Mr. Martin be rebuked and reprimanded for making this statement to the jury", and the court on three occasions said, "I sustain your objection. Don't argue that, Mr. Martin." On the other occasion, there being a question as to the admissibility of the evidence on

which the argument was based, the court said, "I rule this evidence out and jury won't consider it."

Under Code § 81-1009, on proper objection to improper argument being made, the court shall "rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds." It is, upon timely objection, error to decline to rebuke counsel and to give cautionary instructions to the jury. *Martin* v. *State,* 10 *Ga. App.* 798 (1) (74 S. E. 306); *Pelham & Havana Railroad Co.* v. *Elliott,* 11 *Ga. App.* 621 (5) (75 S. E. 1062). The gist of the error is that where the rebuke is not made or cautionary instructions given the improper argument goes with the apparent sanction of the court. *Butler* v. *State,* 142 *Ga.* 286 (11) (82 S. E. 654). Whether the court takes sufficient steps to remove the improper matter from the mind of the jury is frequently a question of degree to be decided under the circumstances of the case. Some matter is so inflammatory that its effect cannot be removed, and a mistrial must be granted. The matter here was not, in the opinion of the court, of this nature, nor was a motion for a mistrial made. The remarks of counsel here dealt with counsel's expressed opinion that the plaintiff would not pay a hospital bill, that he flunked out of Mercer, and remarks concerning another suit filed by the plaintiff, as to which there existed evidence at the time, which the defendant argued contained some of the same items of damage here sued for. Taking the record as a whole, we feel that the action of the court sustaining a motion to rebuke and reprimand counsel, and ordering counsel to cease such argument, was sufficient to cure the error committed, and that the failure of the court to further specifically reprimand counsel in the presence of the jury is not sufficient to demand the grant of a new trial.

■ Special ground 13 complains that the trial court erred in failing to instruct the jury not to consider certain evidence that was presented on the trial of the case and later ruled out by the trial judge. The plaintiff contends that the instructions given the jury in regard thereto were insufficient to remove the evidence from their consideration. During the trial of the case the defendant's counsel, in his argument to the jury, referred to a suit filed by the plaintiff against other defendants, about which there had been testimony. The plaintiff's counsel objected to the argu-

ment and the court stated that it would consider a motion to strike the evidence from the record. This motion was made by the counsel for the plaintiff and when the court sustained the motion the jury was instructed not to consider the testimony on this point. No request was made by the plaintiff's counsel for any further instructions to be made to the jury with reference to the evidence. Under the ruling in *Hotel Dempsey Company* v. *Miller,* 81 *Ga. App.* 233 (4) (58 S. E. 2d 475), there can be no merit in this ground. The record does not disclose that counsel for the defendants argued this point to the jury after the evidence had been stricken from the record, and there could be no valid objection to the argument while the evidence was before the jury. The jury was instructed not to consider the evidence after it was stricken from the record, and if any amplification of this instruction was desired it should have been the subject of a timely written request.

■ Special ground 14 complains that the trial court erred in permitting an entire petition to go to the jury when only paragraph 6 thereof was admitted into evidence. The only question here for consideration is whether or not the jury was properly instructed as to what parts of the petition they should consider. When the defendants offered the pleadings in the former case in evidence the plaintiff objected and the defendants' counsel stated that the only part of the pleadings he was offering in evidence was that portion which related to the injuries received by the plaintiff. Counsel for the plaintiff objected that the injuries were not the same in that suit as in the present action. To this the court stated, "Well, that is, of course, a question for the jury to pass on. . . I will have to overrule the objection and admit that portion of the suit for the purpose for which it is offered." The plaintiff did not make any request for any additional instructions to be given the jury, therefore, under the decision of this court in *Hotel Dempsey Company* v. *Miller,* supra, there is no merit in this ground of the motion for new trial.

■ On the trial of the case there was testimony by the plaintiff, the driver of the automobile in which the plaintiff was riding, and a police officer who investigated the collision that the defendant Renfroe admitted immediately after the collision that it was his fault. It was not denied that the truck driven by Renfroe struck

the rear of the automobile in which the plaintiff was riding. Renfroe testified that he did not make the statement attributed to him. He further testified that the automobile in which the plaintiff was riding passed him, cut in front of him and the driver immediately applied his brakes, and that before he could bring his truck to a stop it struck the rear of the automobile in which the plaintiff was riding. Accordingly, there was evidence to support the verdict and this court will not disturb it. *Kaiser v. Simmons,* 52 *Ga. App.* 355 (183 S. E. 343).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*