No. 8.—MATTHEW W. BUNN, adm'r, plaintiff in error, *vs.* MOSES L. BUNN, *et al.* defendants in error.

An instrument was in substance as follows: This indenture made this 1st April, 1815, between Civility Bunn of the one part, and Mathew W. Bunn of the other, witnesseth, that said Civility, in consideration of her love for her son said Mathew, and of five dollars to her in hand paid by him, has given, and granted, and does by these presents, give and grant, to said Mathew, all that tract of land lying, &c., one negro Matilda, one negro Edmund, one negro Rhody, and all of her stock, plantation tools, and household and kitchen furniture ; and that she reserves to herself her right to said property during her life; and that after her death, said Mathew is to have and to hold the said property, to him, his heirs and assigns, forever. in fee simple ; and that she warrants the property to said Mathew, against herself, and against all other persons whatever.

*Held,* That this instrument was not a will, but was a deed.

In Equity, in Burke Superior Court.   Decision by Judge HOLT, at May Term, 1857.

This case was heard upon bill and answer.   The facts and legal questions are sufficiently set forth in the bill of exceptions, which is as follows:

Mathew W. Bunn, administrator, &c., of Civility Bunn, plaintiff in error.

*vs.*

Moses L. Bunn, and Pleasant Pryor in right of his wife, Sarah, and the said Sarah, formerly Sarah Bunn, by her next friend and husband, the said Pleasant Pryor, defendants in error.

From the Superior Court of Burke County.

Be it remembered, that the above named defendants in error, filed their bill on the equity side of the Superior Court of Burke County, against the above named plaintiff in error —which said bill, returnable to November Term, 1855, of said Court, called upon the said Mathew W. Bunn for an account of the estate of his said intestate.   The answer of said Mathew W. Bunn was duly filed, alleging that he had fully accounted with complainants for all their distributive shares of his intestate's estate, and insisting that all the lands, goods, and chattels set forth in complainants' bill and charged to be a part of his intestate's estate, and which had not been by him accounted for, were the individual property and effects of him the said Mathew W. Bunn, and that he claims the same under an instrument in writing made by said Civility Bunn, a copy of which was annexed to his said answer, and which is in the words and figures following to-wit:

GEORGIA, } This Indenture, made the first day of April, Burke County } in the year of our Lord one thousand eight hundred and forty-five, between Civility Bunn, of said county and State, of the one part, and Mathew W. Bunn, son of the said Civilty Bunn of the same place, of the other part, witnesseth, that the said Civility Bunn, for and in consideration of the natural love and affection which I have, and bear to my said son Mathew W. Bunn, and for and in consideration of the sum of five dollars cash in hand paid by the said Mathew W. Bunn, the receipt whereof is hereby acknowledged, have given and granted, and do by these presents give and grant unto the said Mathew W. Bunn, his heirs and assigns, all that tract of land situate, lying and being in the 74th district of the county of Burke, the place whereon I now reside, containing five hundred and sixty acres, be the same more or less, one negro woman a slave by the name of Matilda aged about forty years, one negro boy Edmund aged seventeen years, a negro girl Rhody aged fourteen years, with all of my stock of every name and description, plantation tools, household and kitchen furniture. I, Civility Bunn, reserve to myself my right to said described property during of my life, after which Mathew W. Bunn to have and to hold the afore described property to him, his heirs and assigns forever, in fee simple. And the said Civility Bunn for herself, her heirs, executors and administrators, the said given and granted property unto the said Mathew W. Bunn, his heirs and assigns, will warrant and forever defend the right and title thereof, against themselves, and against the claim of all other persons whatever.

In testimony whereof, the said Civility Bunn hath hereunto set her hand and affixed her seal, the day and year first above written. CIVILITY BUNN, [*L. S.*]

Signed, sealed and delivered in presence of us.

Interlined before signed.

JOHN C. C. LANE, *J. P.*

JOHN T. BROWN.

At November Term, 1856, an order of Court was passed, of which the following is a copy, after stating the case:

" The answer of the defendants having been duly filed, parties consenting:   *It is ordered,* That the legal points involved in said cause, namely, whether the deed (a copy of which is annexed to defendants' answer,) from Civility Bunn to defendants, is a deed or testamentary in its nature, and whether or not a subsequent deed executed by the said Civility Bunn to A. Porter, Trustee, and witnessed by the defendant, is admissible as evidence to show, that said paper was not intended as a deed, but was intended to be a will?—be argued at chambers, with the right to either party dissatisfied with the decision, within thirty days after such decision is made, to except to the same."

After argument, the Court took time to consider, and at May Term, 1857, of said Court, rendered its decision holding said instrument to be a will.

Whereupon, the said Mathew W. Bunn excepted to said decision, and now within thirty days of its rendition presents this his Bill of Exceptions, and prays that the same may be certified according to law.

MILLERS & JACKSON, for plaintiff in error.

JONES & STURGES, for defendants in error.

*By the Court.*—BENNING J. delivering the opinion.

Was the instrument made by Civility Bunn, a will, or a deed?   The Court below held that it was a will.

We think it was a deed.   If it differs in any essential respect from the instrument in the case of Watson vs. Watson, decided at this Term, the difference does not make in favor of its being a will.

It is true, that in that instrument, the last clause was one which contemplated a division of the property in the lifetime of the author, as a possibility; but it is also true, that

in this instrument, the last clause is a clause of warranty; and a clause of warranty is, perhaps, as incompatible with what is a will, as such a clause as that is.

Then, in *this* instrument there is a disposition made of *land*, and the instrument has but two witnesses to it. To say that this instrument is a will therefore, is to say that it shall be *void* so far as this disposition is concerned. And if it be true, that we are at liberty to strain an instrument, when by straining it we can prevent it from being void, how much more true must it be, that we are not at liberty to strain an instrument, when by straining it we render it void.

Referring to Watson vs. Watson, decided at this term, we say, that we think, that the Court below erred in holding this instrument to be a will.

A new trial, therefore, must take place.

Judgment reversed.