### Davis *v.* Gaskins *et al.*

Hill, J. 1. In an action by one seeking to set aside her deed and recover the land conveyed thereby, because of her minority at the time it was executed, it was not error to permit her to testify, on cross-examination, that her husband had paid for a certain town lot and built a house thereon, and she did not know whether she or her husband had sold it, what she received therefor, and whether the proceeds were paid to her husband or to herself, over objection of her counsel that the deed to the house and lot was the highest evidence; the purpose of the testimony being to support the defendant's plea that the plaintiff, after she became of age, ratified her sale of the land sued for, and there being evidence tending to trace the proceeds of

the sale into a house and lot which she sold after becoming of age, and authorizing the jury to infer that the plaintiff had knowledge of this fact.

(a) Nor was it error to admit in evidence the deed from the plaintiff, conveying to a purchaser the house and lot referred to in the preceding note, offered for the purpose of maintaining the plea of ratification. Especially is this true where the plaintiff made no offer to restore the money received from the sale of the land sued for.

2. A motion made in the trial court, which was overruled, to "exclude all of the testimony" of certain witnesses, "tending to show that at any time after the making of this deed that any property came into her hands which may have been purchased or acquired by the operation of this money or any of this money," is not a complete ground of a motion for a new trial, and can not be considered here. The motion should set out specifically the testimony sought to be ruled out.

3. The age of the plaintiff being an issue in the case, and a witness having testified that one of her children was born on a named date and the plaintiff was born previously thereto, even if for any reason assigned it was error to allow put in evidence a Bible belonging to the witness, containing an entry showing the birth of her child to have been as she orally testified, such error was harmless, the oral testimony of the mother, fixing the date of her child's age, being nowhere contradicted.

4. It was not error to exclude testimony of the purchaser from the plaintiff of the land sued for, to the effect that he had placed a mortgage on it for $1,000, and still owed the amount, such testimony being immaterial and irrelevant.

5. The following charge of the court was not accurate as applied to this case: "The court instructs you that the pleadings in the case are not to be considered as evidence. You are at liberty to look to the pleadings, which you will have out with you, for the purpose of seeing the issues between the parties; but I charge you that in determining those issues you must look to the evidence and the law, and not to the pleadings." But while the charge complained of did not accurately state the rule that admissions in the pleadings by the defendant were evidence for the plaintiff, yet as the material admissions complained of were otherwise proved and not controverted, the error complained of will not require a new trial.

6. No error appears in the other grounds of the motion for a new trial, and the evidence was ample to support the verdict.

*Judgment affirmed. All the Justices concur.*
JANUARY 12, 1912.

Equitable petition. Before Judge Thomas. Berrien superior court. January 12, 1911.

*Hendricks & Christian,* for plaintiff. *Denmark & Griffin, Alexander & Gary,* and *J. P. Knight,* for defendants.