## CITY OF JACKSON *v.* WILSON.

1. Where an owner of land traversed by a creek sells a part of the land to a municipality, and incorporates in the deed a covenant that the municipality shall have the right to take water from the stream for the use of the municipality in the operation of its waterworks, and where the owner subsequently conveys to another the remainder of the tract, the municipality has no legal right to so construct a dam on its land as to cause back-water to fill up the channel of the creek and tributary ditches on the land of the upper proprietor, thereby rendering his land wet and unfit for cultivation.

2. The owner of land is entitled to the free and exclusive enjoyment of all watercourses, not navigable, flowing over his land; and the obstruction of such watercourse by a lower proprietor, so as to cause the water to overflow or injure the land of the upper owner, or any right appurtenant thereto, is a trespass upon his property.  The charge to the jury was comprehensive of this principle of law.

3. "Whenever the right to enjoy one's property to its fullest extent is invaded, and injury arises therefrom, he may recover any damages sustained by reason of such invasion, nor is he bound to do anything to avoid the consequences thereof."

4. A ground of a motion for new trial must be complete in itself.  Where complaint is made that the court refused to allow a witness to answer

a certain question, and the motion does not disclose whether the question was asked on direct or cross-examination, nor the nature of the expected answer, no question for decision is presented.

5. The evidence supports the verdict, and the court did not abuse his discretion in refusing a new trial.

DECEMBER 13, 1916.

Action for damages. Before Judge Searcy. Butts superior court. January 14, 1916.

*J. T. Moore* and *H. M. Fletcher,* for plaintiff in error.

*C. L. Redman,* contra.

EVANS, P. J. The City of Jackson owned a tract of land on which it erected a dam for the purpose of creating a reservoir for water to supply its inhabitants. The plaintiff owned adjacent land. He alleged that damages to him resulted from the erection of a dam which caused the ditches and drains on his land to become filled with sand and mud, thereby causing his land to become wet and unfit for cultivation. He recovered, and the defendant's motion for a new trial was overruled.

1. The plaintiff and the city purchased their respective tracts of land from a common owner; that of the city being anterior in point of time. The deed to the city contained this covenant: "A further consideration being, and it is definitely understood by all parties, that party of the second part, the City of Jackson, is granted, bargained, and sold by party of the first part the right to take water for the use of the City of Jackson in the operation of its waterworks out of said Yellow Creek at any point along said creek between the land described above and the starting point in the aforesaid particularly described granted premises." The covenant to take water from the creek did not authorize the city to so construct a dam as to back water on the plaintiff's land, or to cause the main channel of the creek over his land and the tributary ditches thereon to become filled with sand, the effect of which was to saturate the soil and render it wet and unfit for cultivation.

2. The owner of land is entitled to the free and exclusive enjoyment of all watercourses, not navigable, flowing over his land; and the obstruction of a stream so as to impede its course or cause it to overflow or injure his land, or any right appurtenant thereto, is a trespass upon his property. Civil Code (1910), § 4475. The portions of the charge to the jury complained of in the first and second grounds of the motion for new trial were but an application

of this principle, and were not erroneous for incompleteness in stating the principle.

3. The stream traverses the land of the plaintiff and the defendant, the land of the latter lying below that of the former. The plaintiff had the right to enjoy his property to the fullest extent; and when that right was invaded by the defendant and injury accrued to the plaintiff, he was entitled to his damages sustained by reason of such invasion, and was not bound to do anything to avoid the consequences thereof. *Athens Manufacturing Co.* v. *Rucker*, 80 *Ga.* 291 (4 S. E. 885). Accordingly, it was not erroneous for the court to decline to allow the plaintiff, while testifying, to answer the question, "Couldn't you have cleaned out the ditches and got that much every year?"

4. Complaint is made that the court declined to allow certain witnesses to answer questions which had been propounded by the defendant's counsel. It does not appear from the motion for new trial whether the witnesses to whom the questions were put were offered by the plaintiff or the defendant. This court has frequently held that a ground of a motion for new trial must be complete in itself. If the witnesses were testifying for the defendant and the questions were put on direct examination, it was necessary, in order to make the assignment of error complete, that the court should be informed of·the expected answers at the time; and as it can not be determined from the assignment of error in the motion for new trial whether the questions were put to the witnesses on direct or cross-examination, no question is presented for decision.

5. The evidence was sufficient to sustain the verdict, and the court did not abuse his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*