FOUTS *v.* THE STATE (four cases).

Nos. 9025, 9037, 9038, 9039. JUNE 17, 1932.

*Roy Lewis,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, Claude C. Smith, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

BECK, P. J.   Albert Fouts, J. C. Fouts, Emmett Fouts, and Charlie Fouts were indicted for the offense of rape alleged to have been committed upon Miss Emerson Maddox.   Albert Fouts was tried separately, and the other three defendants were tried together,

74

the jury returning a verdict written upon the several indictments against the defendants named, finding them guilty, and recommending them to the mercy of the court. All of the defendants made motions for new trials, and these were overruled, and to the judgment overruling their respective motions they excepted. In each of these cases nearly all of the questions raised by the assignments of error are substantially the same, and the cases are therefore decided together.

■ Before pleading, the defendants demurred to the indictment. The indictment, omitting formal parts, alleges that the defendant, on the 22d day of September, 1931, in the County of Newton, "did have carnal knowledge of Emerson Maddox, a female, forcibly and against her will." The demurrer was as follows: "1. That said bill of indictment does not set forth nor charge the defendant with the violation of any law in the manner and form required by law. 2. That the time, place, and circumstances at which and concerning which said crime was committed, are not alleged in any manner in said bill of indictment, and this defendant has no means of ascertaining, nor is he in any manner put on notice of any time within which said crime was alleged to have been committed, nor any place within the limits of said county at which the same was alleged to have been committed, nor any circumstances which would advise him of the manner of its alleged commission, and it is requisite and necessary for the defendant and his counsel to have such information, in order to properly prepare his defense to the charge of an offense which is punishable by death, the time, place, and circumstances being of the essence of said offense." The indictment was sufficient, and there is no merit in any of the grounds of demurrer.

■ In the motion for new trial error is assigned upon the failure of the court to charge the jury the "meaning in law of reasonable doubt." The charge upon the subject of reasonable doubt was as follows: "A reasonable doubt means just such a doubt as a reasonable man would have after he had heard the testimony in the case, including the statement of the defendant." In the absence of a written request for further definition of "reasonable doubt," this definition was sufficient and was not erroneous.

■ In another ground of the motion it is contended: "(a) That the court erred in charging the jury and tended to confuse the jury

by giving a definition of the crime of rape and failing to charge the jury that, along with the other ingredients and elements of the offense, in order for the crime of rape to be consummated there must be evidence of the fact that the male organ of generation of the defendant on trial had penetrated the private parts of the female alleged to have been raped. (b) That if there was evidence only that one or each of the defendants had assaulted the woman, Emerson Maddox, but that no actual penetration of her private parts was had by the private parts of one or each of the defendants, then said acts or act constitute an assault with intent to commit rape or an assault and battery; and the court erred in not charging the jury the law applicable to the offense of assault with attempt to commit rape, and assault and battery." The court did not err in failing to charge the jury the law applicable to the offense of assault with intent to commit rape. Under the testimony of the prosecuting witness, the woman upon whom it is alleged the crime was committed, the jury would not have been authorized to find that there had been an assault with intent to commit rape. The woman was positive in her testimony that the crime charged was perpetrated by all of the defendants. Nor did the charge upon the same subject tend to confuse the jury; for the court did not "err in failing to charge the jury that, along with other ingredients and elements of the offense, in order for the crime of rape to be consummated there must be evidence of the fact that the male organ of generation of the defendant on trial had penetrated the private parts of the female alleged to have been raped." The language employed by the court in this part of his charge was as follows: "Rape is the carnal knowledge of a female forcibly and against her will. In rape there must be a penetration of the female organ of generation by the male organ of generation; that penetration may be slight or great, but there must be some penetration of the female organ by the male organ in order to consummate a rape."

██ The rulings stated in headnotes 4 and 5 require no elaboration.

█ The failure of the court to charge the jury that if they believed from all the evidence that the woman alleged to have been raped was in a voluntary state of intoxication when the alleged act or acts were committed, they would be authorized to consider such fact in determining whether such alleged carnal act or acts were

done forcibly and against her will, whether there was acquiescence on her part, either partial or entire, whether she was in a mental state to remember what did actually occur, and able thereafter to give a truthful and accurate account of the same, and whether or not such voluntary intoxication on her part, if such existed, would not render it impossible for all of the necessary elements of the offense charged to be present and to have been proved beyond all reasonable doubt, was not error. A trial court is not under the necessity of taking up and discussing varied phases of the evidence. Counsel heard the court's charge; and if they desired instructions upon this particular phase of the case, they should have requested it.

▮ The rulings stated in headnote 7 to 16, inclusive, need not be elaborated.

▮ Complaint is made of remarks made during the trial by the court to counsel for the defendant in the presence and hearing of the jury. The remarks of the court were as follows: "Mr. Lewis, in arguing the case, you have a right to discuss the law and the evidence. You can discuss and criticise the testimony of the witnesses. That is permissible. But it is not permissible in a court of this State for any attorney to criticise any law in such a way as to show that it is not workable, and that it is a failure, unless that is an issue in the case and its constitutionality is attacked. You can discuss the law and the testimony of the case, but the court will not permit you to discuss a failure of the prohibition or any other law in the Code. I don't have anything to do with what they do in other jurisdictions, and I am not expressing any opinion; but it is not permissible to discuss the prohibition law or any other law by criticising it in court, because when a lawyer is admitted to the bar he takes an oath that he will support and defend the constitution of the United States and the State of Georgia, and the prohibition law is in the constitution." It is contended that "the statement by the court is not the law governing trials in Georgia, and, having been made by the court itself by way of reprimand to defendant's counsel while he was making his argument to the jury, was highly prejudicial to the defendant's case." The remarks and statement made by the court in the presence of the jury, though pending a trial, do not require the grant of a new trial. The court's remarks did not restrict the freedom of counsel for the defendant in discussing the issues in the case. It was expressly stated to him that he might dis-

cuss the law and the evidence in the case. His right to discuss the testimony, to draw from it any conclusion that he might draw, to discuss the law or to state the law, was not denied the counsel; and it did not deprive counsel of any legitimate privilege for the court to inform him that he could not "criticise any law in such a way as to show that it is not workable, and that it is a failure, unless it is an issue in the case and its constitutionality is attacked;" and then the court added: "You can discuss the law and the testimony of the case, but the court will not permit you to discuss a failure of the prohibition or any other law in the Code." Besides this, the ground is wanting in merit, because it does not show to this court what remarks counsel was making at the time the court interrupted him, or the character of his attack on the law.

■ A further ground of the motion is as follows: "On February 18, 1932, the day immediately previous to the day appointed by the court for the adjourned hearing of this motion, the movant's sole counsel of record, Roy Lewis, obtained information for the first time that the mother of the prosecuting State's witness, Emerson Maddox, was a narcotic addict before and at the time of said witness's birth, and that while said witness was in early childhood the mother of said witness died from the effects of an overdose of morphia or some other powerful narcotic, to the use of which she was a chronic addict; and that furthermore the said State's witness, Emerson Maddox, was examined by physicians in the City of Chicago, as movant's counsel is informed and believes, about ten years prior to the time she testified against the movant in his said trial, and that said physicians then and there advised her that she was afflicted with a tumor on her brain, and that it would be progressive in its growth, and that thereafter said witness, Emerson Maddox, informed members of her family of this diagnosis of said physicians, and that all of said information was obtained from the stepmother of said witness on the date aforesaid, February 18, 1932; and movant avers that if said information is authentic, and that said witness thereafter, by habitual drunkenness as disclosed by the evidence at said trial, superinduced and further impaired her mental faculties, that it would logically account for the improbable, weird, and incredible stories told by her on the witness-stand, to wit, that she had been raped by five men positively within twelve hours, and possibly raped by six other men during the same period, and that for

some reason these horrible crimes did not come to the knowledge of the law officers until the day the grand jury found the bill of indictment against the movant and the same day he was arrested by the sheriff peacefully pursuing his usual avocation of picking cotton in a field, a stone's throw from the place where the alleged crimes were committed nearly a month previous, and not known to a soul in this community until said arrest was actually made; and movant further avers that by reason of the hostile feelings engendered by said trial and the trial had previously thereto involving the same subject-matter, that neither the movant nor his counsel can ascertain the accuracy of the information herein set forth from the relatives of said witness, in order that the same might be herein set forth in the form of competent original evidence, as required by law, but movant appeals to the sound and merciful discretion of the court to aid him in this regard, and invokes the good offices of the court to the end that said court will inquire into the truth of the allegations herein made by appointing a skilled medical man and physcarist [psychiatrist?] to make a mental and physical examination of said witness, Emerson Maddox, and to inquire into her history and heredity, to the end that this movant stand not convicted of a capital crime upon the testimony of a person of unsound mind; and in support of said allegations of the existence of newly discovered evidence favorable to his cause, which at a new trial would likely and probably produce a different result, and the prayer to the court herein, the movant appends herewith affidavits from himself and his counsel, marked exhibits A and B, respectively, and made a part and parcel of this ground for a new trial." This evidence was not of such a character as to require the grant of a new trial; for if information came to counsel as to the evidence to which this ground refers, an application should have been made to the court for a postponement of the hearing, in order that counsel might have an opportunity of investigating and ascertaining the truth of the testimony to which reference is made in the motion.

■ The evidence, together with the corroborating evidence, was sufficient to authorize the verdicts rendered by the jury in each of these cases.

*Judgments affirmed. Russell, C. J., and Atkinson, Hill, and Gilbert, JJ., concur.*