STOVALL *v.* NEW YORK UNDERWRITERS INSURANCE CO.

No. 10747. MARCH 14, 1936.

*J. B. Jones, Joseph H. Blackshear,* and *Marvin A. Allison,* for plaintiff.

*Smith, Smith & Bloodworth* and *Robert McMillan,* for defendant.

RUSSELL, Chief Justice. ■ The grounds of the motion for new trial assigning error on the failure of the court to "charge the jury on the doctrine of renewal" are too indefinite to present any question for consideration. *Parham* v. *State,* 180 *Ga.* 233 (178 S. E. 648).

■ Error is assigned upon the failure of the court to give in charge to the jury the following instruction: "That if the policy issued was a renewal of the policy of April 10, 1931, that the agent of the plaintiff would have no legal right to change the terms of the original policy or to change the description of the property in the original policy without the knowledge and consent of plaintiff, and if such changes were made and the description of the original policy of the two-story house changed to a renewal of a one-story house without the knowledge and consent of plaintiff, then the policy sued on could be reformed so as to make it comply with the terms in the original policy." Since the only dispute in the evidence in this case related to the question as to what building was originally insured, and since it was admitted by both parties that the policy upon which the plaintiff sued was a renewal of the original policy, the failure of the court to charge the jury on the doctrine of renewal was harmless. Furthermore, the language set out in the requested charge was objectionable, because it would have instructed the jury, as a matter of law, that under the conditions specified "the policy sued on could be reformed so as to make it comply with the terms of the original policy," regardless of any question as to the plaintiff's negligence or diligence in accepting the renewal policy, or in reference to his subsequent conduct.

■ A ground of a motion for new trial must be complete within itself. Therefore ground 5 is without merit.

■ In grounds 6 and 7 the plaintiff assigned error on the following charge: "The court instructs you that the burden is on the plaintiff in this case to show by a preponderance of evidence that there was a mistake, and the proof necessary to establish this fact, if it is a fact, must be clear, unequivocal, and decisive as to the mistake; and it must appear from the evidence to a moral and

reasonable certainty that there was a mistake made, as contended by the plaintiff, before you will be authorized to find that the contract sued on should be reformed." When the charge is considered as a whole, the giving of this instruction was not cause for a new trial on the ground that it placed a greater burden upon the plaintiff than required by law. *Warren* v. *Gay*, 123 *Ga*. 243 (51 S. E. 302). Nor was it erroneous for the reason that it submitted an issue as to mistake, when no such issue was involved under the pleadings and the evidence. The plaintiff, having alleged mistake, can not complain of a correct charge merely because he did not submit evidence in support of his allegation.

The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*