EWING v. THE STATE.

No. 11394. SEPTEMBER 19, 1936.

*J. Emmett Baird,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, B. D. Murphy, J. W. LeCraw, John H. Hudson,* and *E. J. Clower,* contra.

GILBERT, Justice. Paul Ewing was indicted jointly with G. J. Smith and Nettie Spruill for the crime of murdering Nicholas Neely. Ewing and Smith were tried together. After a verdict of guilty, with a recommendation for mercy, Ewing filed a motion for new trial upon the general grounds and several special grounds. The court overruled the motion, and the defendant excepted.

One of the special grounds is that the court erred in admitting "certain testimony of Nettie Spruill, over the objection of counsel for the defendant," after which are set out nine pages of her testimony interspersed with objections by counsel and rulings of the court and colloquies between the respective counsel, as to which the defendant contends (a) that the witness "was put upon the stand for the specific purpose of bringing in an alleged confession on her part that was made after the commission of the crime and not in the presence of the defendant, for the purpose of prejudicing and influencing the jury," and (b) "that the entire testimony of the said witness up to the point where the solicitor stated that he had been entrapped by the said witness, this witness had not injured the State's case, and there was nothing in the said testimony that would materially contradict any portion of the alleged confession of this witness." It not being shown by pointing out precisely any evidence that the witness "was put upon the stand

for the specific purpose of bringing in an alleged confession," etc., or wherein the testimony of the witness had not injured the State's case, or what "confession" it was alleged the testimony was not in conflict with, the ground is not sufficiently complete in itself to present anything for decision by this court, and can not be considered. A ground of a motion for new trial should be complete in itself, and other parts of the record will not be looked to for the purpose of making the ground certain or definite. *Sheppard* v. *State,* 167 *Ga.* 326 (4) (145 S. E. 654) ; *Price* v. *State,* 170 *Ga.* 294 (3) (152 S. E. 572) ; *Fouls* v. *State,* 175 *Ga.* 71 (9) (165 S. E. 78) ; *Bryant* v. *State,* 180 *Ga.* 238 (178 S. E. 651).

■ Another special ground is that the court erred in admitting evidence of a witness for the State, who, when presented with a certain writing by her, testified that Nettie Spruill made certain statements to her after the commission of the alleged crime, the same being reduced to writing by her as Nettie Spruill spoke, and being incorporated in the paper presented to her by the solicitor; it being objected to by the defendant's counsel on the ground that it was hearsay and not binding on the defendants on trial, unless made in their presence, it being contended by the defendant (a) that the testimony "related to an alleged confession which was not made in the presence of the defendant, and the defendant could not possibly be bound by the said testimony," and (b) "that the said testimony was only a device and scheme in order to obtain the admission of an alleged confession on the part of Nettie Spruill for the specific purpose of prejudicing the jury against the defendant." The "alleged confession" not being set out in any way, and no part of the testimony being pointed out as showing a "device or scheme," etc., by the witness or the solicitor, the ground is incomplete within itself and can not be considered.

■ Another special ground is that the court erred in admitting in evidence the "alleged confession of Nettie Spruill, marked for purpose of identification 'B-10.'" This ground sets out the objection of defendant's counsel, the ruling of the court, and the judge's instruction to the jury that the "alleged confession" was admitted only for the purpose of impeaching the witness Nettie Spruill, but not as binding upon the defendants. Nowhere in the ground is it disclosed what were the contents of the writing; and the ground, being incomplete in itself, can not be considered by this court under the authorities cited above.

■ Another ground is that the court erred in permitting the trial to proceed with an incompetent attorney who "was too drunk and too nervous to adequately represent the interest of the defendant, as will appear from the affidavits attached hereto." Copies of affidavits attached to the motion were to the effect that in the opinion of the affiants the attorney of the defendant had been drinking, appeared to be in a drunken condition, of untidy appearance, and conducted himself in a manner tending to disgust the jury, and was not qualified to try the case. The State submitted affidavits to the contrary, except as to the untidy appearance of counsel. The case proceeded, it must be presumed, under the close observation of the judge, and he was in position to determine the condition and ability of the defendant's counsel at all stages of the trial. The affidavits being conflicting, the discretion of the court in denying a new trial on this ground will not be disturbed.

■ Another ground complains that the court erred in permitting the trial to proceed for a while in the absence of the defendant's counsel. It appears from the record that on the third morning of the trial Ewing's counsel was absent a short while after court opened, but soon appeared and conducted the case on behalf of his client. The record shows that before proceeding the judge stated that he understood that Smith's counsel would go ahead with the case in the absence of Ewing's counsel, to which the counsel present replied, "Yes." In support of the ground an affidavit of Ewing was introduced, to the effect that he had not authorized the absence of his counsel or consented or agreed to Smith's counsel proceeding with the case. An affidavit from Smith was to the effect that he told his own counsel, "Sure, go ahead with the trial," but did not hear Ewing's answer to his own counsel's question as to proceeding, and that he doubted very seriously if Ewing heard the question or understood it, as the latter "was leaving most of the talking to the lawyers up to him." The State introduced an affidavit from Smith's counsel that he and Ewing's counsel had agreed to try the case jointly, that he conferred with the defendants jointly, and they both agreed to go ahead with the trial without asking any delay on account of the absence of Ewing's counsel, and that he acted as counsel for both of them until within a short time, probably about fifteen minutes, the absent counsel returned and participated thereafter in the trial of the case. The evidence being

■

conflicting, the court did not err in refusing a new trial on this ground.

■ Another special ground complains that the venue was not proved. The evidence showed that the body of the deceased was found in a ravine in Maddox Park in Fulton County, in which county the case was tried, and there were other circumstances indicating that the killing took place in Fulton County. It was admitted by counsel for the defendant that the place where the body was found was in Fulton County. The evidence showed that the deceased had been riding in an automobile with the defendant in Fulton County on the day the killing was alleged to have taken place, and it was not claimed by the defendant in his statement to the jury that they had been out of Fulton County. Venue can be established by circumstantial as well as by direct proof. *Dumas* v. *State,* 62 *Ga.* 58 (4) ; *Porter* v. *State,* 76 *Ga.* 658 (2) ; *Davis* v. *State,* 82 *Ga.* 205, 206 (8 S. E. 184).

■ The evidence was sufficient to authorize the verdict. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*