## WILLIAMSON *v.* PRATHER *et al.*

546

*W. S. Florence,* for plaintiff.  *Warren & Warren,* for defendants.

Atkinson, Presiding Justice.   Ceola Williamson instituted an action for damages for alleged trespass on land, with a prayer for injunction, against G. T. Prather and his wife.   The land consisted of two tracts, one containing 100 acres and the other 60 acres.   The defendants filed answer joining issue as to the alleged grounds of relief, and setting up cross-demands for damages and for injunction to prevent trespassing by plaintiff on defendants' land consisting of one tract containing 190 acres.   The controlling question as developed by the evidence was as to dividing line between adjoining proprietors.   The plaintiff contended that the line was as indicated in a recorded plat, and a writ of possession issued in 1905 in partition proceedings between the children of L. B. Mercer, dividing in kind land left by the will of their grandfather to them in remainder.   The defendants claimed as remote grantees of John P. Smith, proprietor of land adjoining the L. B. Mercer land.   The defendants claimed that the Mercer land extended only to "a line of old marked trees on the west," which indicated the district line between the Barron district and the Towles district, and had been recognized by plaintiff and defendants' grantor more than thirty years before any dispute arose as to the dividing line between the respective properties.   The partition proceedings under which plaintiff claimed did not mention district lines.   Both sides introduced evidence that plaintiff's land was in Barron district and defendants' land was in Towles district.   The real point of pressure was whether the true line was as shown by the "old marked trees" or a line west of that line and on which

the. plaintiff had in recent years constructed a wire fence so as to take in 7-1/2 acres of land claimed by defendants. A verdict for the defendants was returned. A decree was entered, awarding costs against plaintiff, and enjoining her from going on the land as prayed by defendants. She moved for a new trial which was refused, and she excepted.

■ The ruling announced in the first headnote does not require elaboration.

■ "The superior courts may grant new trials in all cases when any material evidence may be illegally admitted to, or illegally withheld from, the jury against the demand of the applicant." Code, § 70-203. A ground of a motion for a new trial should be complete within itself. .And a complaint in a ground of a motion for a new trial of a ruling admitting or excluding as evidence a paper, which does not set forth the paper literally or in substance in the ground itself or as an exhibit thereto properly identified, is insufficient to present any question for decision by the Supreme Court on a bill of exceptions assigning error on the judgment refusing a new trial. *Martin* v. *Martin,* 185 *Ga.* 99 (194 S. E. 586) ; *Ewing* v. *State,* 183 *Ga.* 127 (3) (187 S. E. 628) ; *Hester* v. *Muscogee Motor Co.,* 184 *Ga.* 49 (190 S. E. 591) ; *Ford* v. *Blackshear Manufacturing Co.,* 140 *Ga.* 670 (2) (79 S. E. 576) ; *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192) ; *Head* v. *State,* 144 *Ga.* 383 (87 S. E. 273) ; *Stanford* v. *State,* 153 *Ga.* 219, 231 (112 S. E. 130). See other cases cited under assignments of error in note to the Code, § 70-203. The first special ground of the motion for a new trial states that when defendants "sought to introduce the survey and plat made May 20, 1935, by H. D. Cutter, civil engineer of Bibb County, Georgia, . . plaintiff objected on the ground 'that no legal lawful processioning had been shown, so as to make out a prima facie case;'" also that, on said objections being made, the defendants introduced in evidence the minutes of the court of ordinary, showing institution of proceedings by defendants to procession the land, which did not include the filing of a return by the processioners or a notice to the abutting-land owners; and that after introduction of such evidence the court, on motion of the plaintiff, ".ruled out all matters with reference to the return of the processioners and evidence thereunto appertaining, but ruled that the survey of. H. D. Cutter of May 20, 1935, should remain

in evidence, and the survey to the jury as well as the plat, as a private survey." This ruling was assigned as error, for several stated reasons. Under application of the law hereinabove cited the plat not being set forth literally or in substance in the ground of the motion for new trial itself or by properly identified exhibit thereto attached, the assignment of error in the bill of exceptions to the overruling of this ground of the motion for new trial is insufficient to present any question for decision.

■ The foregoing ruling is applicable also to the second special ground of the motion for a new trial, wherein it is stated that movant moved to exclude from evidence "a copy map of 7-1/2 acres in dispute;" that the court "sustained the motion, ruling that none but the original could be introduced in evidence;" that "the effect of this ruling was to exclude any map whatsoever of the 7-1/2 acres in dispute, for there was no original produced." It is further said that "movant assigns as error the allowing of a duplicate copy in evidence, with legends completing the case, the allowing of a copy in evidence; whereas under the law only the processioners could file the map and return thereon, that a caveat could be filed, so as the right of the parties could be tried;" and further "that no map could have existed so as to make out a prima facie case according to the processioning laws of Georgia, and the admission of the map as a 'private survey' was exceedingly harmful to movant, for it published a public survey to the confiscation by law of her land."

■ The judge charged: "The defendants contend that this land originally belonged to Mr. John Smith, and that he owned it from 1876, or previous to that time, up to the time they purchased it in the year 1934 from the widow of Mr. John Smith, Mrs. Matt Smith; and they contend that under this deed from Mrs. Matt Smith, which will be out before you, that this seven or seven and a half acres of land is a part of the property they purchased from Mrs. Smith in the year 1934, and they contend that the true dividing line between the lands of Mrs. Williamson, the plaintiff in this case, and the defendants in this case is represented by this plat running from A to B, and they contend that the seven and a half acres of land, that is in controversy only, belonged to Mr. John Smith and after his death went to his widow Mrs. Matt Smith; and they contend that they purchased it from the widow, and the

seven and a half acres belongs to them under the deed which will be out before you." The charge was a statement of the contentions of the defendants, which were shown by the pleadings and the evidence to have been made, and was not erroneous for any reason assigned, namely, that there was no evidence of a deed to Smith; that there was no evidence that Smith or his widow ever owned the seven and a half acres in dispute; that such contention was impeached by the defendants' deed for 190 acres in Towles district, the seven and a half acres being in the Barron district; that there was no evidence on which to base it; that the plat impeached the charge, in that the legend thereof was "stone placed in hole where dogwood stump was supposed to be located, which was not true and certain line under the legend;" that there was no legal evidence that the seven and a half acres in controversy only belonged to John Smith, or that it had been purchased by defendants from the widow of John Smith; nor was there in evidence any deed embracing the seven and a half acres; and that the charge stated a matter of fact, thereby expressing an opinion contrary to law.

■ The judge charged: "Mrs. Prather contends that that strip of land originally belonged to Mr. John Smith, and that after Mr. John Smith's death it belonged to his wife, Mrs. Matt Smith; and she contends that Mrs. Matt Smith when she made her that deed in 1934, that it embraced the seven or seven and a half acres of land in dispute." This charge was not erroneous for the reason assigned, namely, that it was not authorized by any legal evidence, there being no evidence to base it on except family repute, and that title to land can not be proved by hearsay evidence.

■ The court charged: "In this connection the court instructs you that so far as the partition proceedings that was had in the superior court of Jones County, Georgia, in 1904, that Mrs. Smith and Mrs. Prather were not parties to the proceedings, would not be bound thereby, unless from all the evidence in the case you are satisfied by a preponderance of the testimony that the land embraced in the 100-acre tract that was sold by Mrs. Whitehead really belonged to Mr. Mercer at the time." This charge was not erroneous, as contended, on the grounds (a) that after three years the judgment in the partition proceedings was binding, and could not be set aside or collaterally attacked; (b) that the judgment and

recorded plat were conclusive, and the charge submitted to the jury a question of fact that should have been decided by the judge as matter of law.

The judge charged: "In the event you reach the conclusion, under the law as given you in charge by the court, applied to the facts in evidence in this case, that the true dividing line is as claimed by the defendants in this case, running from A to B on the plat which will be out before you, why then under these circumstances the plaintiff would not be entitled to receive damages." The charge was not erroneous for any of the reasons assigned (a) No reference should have been made to the line "A to B" on the plat, because the plat had been ruled out "as a copy," and no original was furnished or could have been furnished; (b) if the plat was in evidence it showed on its face it was null and void, and was hurtful to plaintiff because it exhibited to the jury a prima facie case of processioning which had been excluded by previous ruling of the court; (c) it was erroneous to hold that notice of a processioners' survey "was notice of a private party of a private survey, and the admission of this guesswork of a bought survey and privately done under the guise of processioning was a crucifixion head downwards of movant in a court of law."

The ruling announced in headnote 8 does not require elaboration. *Judgment affirmed. All the Justices concur.*