ROBINSON *et al. v.* MURRAY *et al; et vice versa.*

BELL, Chief Justice. 1. Whether it was erroneous to overrule the plaintiffs' challenges propter affectum as to five named jurors, the grounds of the motion for a new trial complaining of the judge's rulings do not require a reversal, since it does not appear that the plaintiffs were thereby compelled to exhaust their peremptory challenges in getting rid of such jurors, so that they could not challenge other objectionable jurors, if any. *Cochran* v. *State,* 113 *Ga.* 736 (3) (39 S. E. 337); *Ethridge* v. *State,* 163 *Ga.* 186 (1 b), 190 (136 S. E. 72); *Faulkner* v. *State,* 166 *Ga.* 645 (6) (144 S. E. 193); *Felker* v. *Johnson,* 53 *Ga. App.* 390 (186 S. E. 144).

(a) The allegations in the motion for new trial, that the judge erred in holding that the five jurors were not disqualified "caused it to become the duty of [the plaintiffs'] attorneys in the trial of the case to exhaust four strikes in removing four of said jurors from the panel and to accept juror J. E. Shaw," did not show affirmatively that the plaintiffs had exhausted their peremptory challenges within the rule above stated. Compare *Patterson* v. *Collier,* 77 *Ga.* 292 (3) (3 S. E. 119); *Johnson* v. *State,* 196 *Ga.* 806 (3 a) (27 S. E. 2d, 749).

2. Since the jury found that the plaintiffs were not entitled to recover any sum, it is immaterial whether the judge erred in excluding evidence by which they undertook to show that the property in question was of greater value than the amount recited as consideration in the deed from their father to the defendants, or in charging the jury in such manner as to limit the basis of recovery to the amount stated in such deed. *McBride* v. *Georgia Railway & Electric Co.,* 125 *Ga.* 515 (54 S. E. 674); *Tyus* v. *Duke,* 178 *Ga.* 800 (6) (174 S. E. 527); *Mayes* v. *Simons,* 189 *Ga.* 845 (2) (8 S. E. 2d, 73, 130 A. L. R. 245); *Werk* v. *Big Bunker Hill Mining Corp.,* 193 *Ga.* 217 (2), 223 (17 S. E. 2d, 825).

3. "A witness who is not an expert upon the subject of insanity cannot testify to an opinion that a given person is insane, without stating the facts upon which his opinion is based." *Welch* v. *Stipe,* 95 *Ga.* 762 (22

S. E. 670); *Livingston* v. *Barnett*, 193 *Ga.* 640 (3) (19 S. E. 2d, 385). "A ground of a motion for new trial must be complete in itself." *City of Jackson* v. *Wilson*, 146 *Ga.* 250 (4) (91 S. E. 63); *Stovall* v. *New York Underwriters Ins. Co.*, 182 *Ga.* 163 (3) (185 S. E. 241).

(*a*) Tested by the foregoing, the ground of the motion for a new trial complaining that one of the plaintiffs, as a witness, was not permitted to answer the question, "Was your father, on the 28th day of August, 1939, in a mental condition to have understood the nature of the transaction and to have known what he was doing when he signed a deed to your brothers [and] he transferred all of his property to your brothers for thirty thousand dollars?" does not show error, since the question, so far as shown in this ground, sought to elicit a mere conclusion from a non-expert witness.

4. The right of a party to a thorough and sifting cross-examination as to witnesses called against him is not infringed by confining such examination to matters that are relevant to the issues in the case. *Daniel* v. *State*, 182 *Ga.* 875 (2) (187 S. E. 36); *Clifton* v. *State*, 187 *Ga.* 502 (4), 508 (2 S. E. 2d, 102); *Granison* v. *State*, 49 *Ga. App.* 216 (174 S. E. 636); *Stevens* v. *State*, 49 *Ga. App.* 248 (2) (174 S. E. 718). Under this rule, ground 6 of the motion for a new trial, complaining because the court did not allow counsel for the plaintiffs to cross-examine a witness for the defendants, does not show error.

5. The judge did not err in refusing to allow one of the plaintiffs to testify that a named physician who treated the witness's father during his last illness, stated to the witness that the father did not even have the mind of a child, since the testimony would have been hearsay. *Augusta Factory* v. *Barnes*, 72 *Ga.* 217 (6) (53 Am. R. 838).

6. The court did not err in excluding the testimony of one of the plaintiffs that she and her sisters went freely and voluntarily to the office of the attorney who later represented them, and she considered that he was serving them on a contingent fee as a matter of justice to them, such testimony being irrelevant to any issue in the case.

7. Nor was it error to exclude the testimony of one of the plaintiffs on direct examination, that one of the defendants, her brother, had embarrassed her by calling her a vile name, and that she cried. While hostile feelings between the parties may ordinarily be shown, testimony as to the details of particular transactions and conversations is not admissible for that purpose. *Carter* v. *Dixon*, 69 *Ga.* 82 (7); *McDuffie* v. *State*, 121 *Ga.* 580 (7) (49 S. E. 708); *Durham* v. *Durham*, 156 *Ga.* 454 (2) (119 S. E. 702); *Eugee* v. *State*, 159 *Ga.* 604 (126 S. E. 471).

8. The charges on the question of ratification by the plaintiffs' father during lucid intervals were not erroneous as being unsupported by the pleadings and the evidence. The same is also true of the charge on the issue as to ratification by the plaintiffs after their father's death. Code, § 20-206; *Williford* v. *Swint*, 183 *Ga.* 375 (2), 377 (188 S. E. 685); *McClure Realty & Investment Co.* v. *Eubanks*, 151 *Ga.* 763 (108 S. E. 204); *Brown* v. *Carmichael*, 152 *Ga.* 353 (3, 4) (110 S. E. 3).

9. The evidence was sufficient to authorize the verdict for the defendants, and under the preceding rulings, it does not appear that any reversible error was committed during the trial. Accordingly, the court did not err in refusing a new trial.

10. The conclusion stated in the preceding note will stand as to the entire case, notwithstanding it appeared from the pleadings and the evidence that the father died leaving an estate consisting of personalty, that is, property which had not been conveyed to the defendants by the warranty deed in question, but of which the defendants appeared to have had custody since his death.

(a) If the plaintiffs had sustained their contentions as to the real property conveyed by their father to the defendants, equity, in order to do complete justice, might have dealt with such personal estate in the same action, even without an administrator. Code, § 37-105; *Eagan* v. *Conway*, 115 *Ga.* 130 (3) (41 S. E. 493). However, since the jury found against the plaintiffs as to all other property, they were not, under the pleadings and the evidence, entitled to a verdict solely as to such personal estate. "As a general rule, heirs can not in this State have an equitable accounting for personal property of their ancestor, even though there may be no administration." *Smith* v. *Smith*, 141 *Ga.* 629 (7) (81 S. E. 895). See also the Code, §§ 37-120, 113-901; *Brown* v. *Mutual Life Insurance Co.*, 146 *Ga.* 123 (90 S. E. 856); *Denny* v. *Gardner*, 149 *Ga.* 42 (99 S. E. 27); *Hadaway* v. *Hadaway*, 192 *Ga.* 265 (3) (14 S. E. 2d, 874); and note especially the ruling in *Harrell* v. *Fiveash*, 182 *Ga.* 362 (2) (185 S. E. 327). The decisions in *Dean* v. *Central Cotton Press Co.*, 64 *Ga.* 670, 674, and *McGowan* v. *Lufburrow*, 82 *Ga.* 523 (9 S. E. 427, 14 Am. St. R. 178), dealt with cases in which executors were parties. Compare *Goff* v. *National Bank of Tifton*, 170 *Ga.* 691 (153 S. E. 767).

(b) A recovery as to such personal estate would not have been authorized under the Code, § 113-1102, relating to executors de son tort, since the petition contained nothing to indicate that the defendants had assumed to exercise any of the duties of a legal representative with respect to such property, or that the plaintiffs intended to rely upon any such cause of action, it being alleged in effect that the defendants were holding the property adversely. *Willingham* v. *Rushing*, 105 *Ga.* 72 (31 S. E. 130).

11. Nothing ruled above shall prejudice the right of the plaintiffs through appropriate proceedings to share as heirs at law in such personal estate of their deceased father.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

Nos. 14912, 14913. December 1, 1944. Rehearing denied December 13, 1944.

694

704

*Oliver, Oliver & Davis,* for plaintiffs.
*H. M. Hodges, R. L. Dawson,* and *J. T. Grice,* for defendants.