18558.   GRINER *v.* LINDSEY.

Submitted April 13, 1954—Decided May 10, 1954.

**564**

*Wright & English,* for plaintiff in error.

*McCall* v. *Griffis,* contra.

SUTTON, Justice. 1. Special ground 1 of the amended motion for new trial complains of the charge: "General reputation in the neighborhood shall be evidence as to ancient land marks of more than thirty years' standing; and acquiescence for seven years, by acts or declarations, of adjoining land-owners, shall establish a dividing line. In other words, gentlemen, acquiescence by acts or declarations of adjoining landowners shall establish a dividing line."

The criticism is that this excerpt from the charge was erroneous because: (a) it was confusing, conflicting, and as a whole stated an incorrect abstract principle of law; (b) the first . sentence of the charge is correct as an abstract principle of law, but the second sentence which was given in charge immediately following and in connection with the first sentence, and in which the court attempts to elucidate the instructions contained in the first sentence, is an incorrect abstract

principle of law, in that it omits the term of seven years which is required by law to establish a dividing line between adjoining landowners by acquiescence; (c) the instructions contained in the excerpt are opposed to each other, and the second sentence is incorrect as an abstract principle of law, and the court did not point out to the jury the correct principle of law upon which they should determine their verdict, nor did the court retract, withdraw, or correct the said incorrect principle of law; (d) the incorrect instructions were on a material and vital matter and were confusing to the jury and prejudicial to the defendant.

"A verbal inaccuracy in a charge, resulting from a palpable 'slip of the tongue,' and which clearly could not have misled the jury, is not cause for a new trial." *Hoxie* v. *State*, 114 *Ga.* 19 (6) (39 S. E. 944); *Siegel* v. *State*, 206 *Ga.* 252 (2) (56 S. E. 2d 512).

In the present case the litigants contended that the respective line claimed by each was the original land lot line between their lands. One contention of the plaintiff was that the original land lot line had been acquiesced in for more than 60 years by predecessors in title of the respective parties.

The first portion of the charge under consideration is an exact quotation from Code § 85-1602. The excerpt complained of, "In other words, gentlemen, acquiescence by acts or declarations of adjoining landowners, shall establish a dividing line," standing alone, would have been inapt and incomplete. But this portion of the charge was so closely connected with the instruction, "acquiescence for seven years by acts or declarations of adjoining landowners, shall establish a dividing line," that the jury could not have been misled or confused by the failure to repeat the words, "for seven years."

2. Special ground 2 of the motion for new trial complains of the charge: "Now, gentlemen, there has been some evidence in the case pertaining to an alleged agreement between the parties in this case, that is, between the plaintiff, represented by her brother, and the defendant; and I charge you in that connection, gentlemen, that where a boundary line between adjoining landowners is indefinite or unascertained, coterminous proprietors may by parol agreement establish a dividing line, and if the agreement is accompanied by possession to an agreed line,

or is otherwise duly executed, such agreement will be valid and binding, and the line thus fixed will thereafter control their deeds."

The criticism is that this excerpt was erroneous because: (a) such charge was not authorized by the evidence; (b) there was no evidence that any alleged agreement was executed in the manner provided by law; (c) the charge is incorrect as an abstract principle of law because the court omitted the word "disputed"; (d) the charge was prejudicial to the defendant in that it submitted to the jury a principle of law upon which they could return a verdict against the defendant when there was no evidence to authorize such charge.

The instruction complained of stated the well-settled principle, that "an unascertained or disputed boundary line between coterminous proprietors may be established by parol agreement, if the agreement be . . . duly executed." *Barfield* v. *Birrick*, 151 *Ga.* 618 (2) (108 S. E. 43); *Childers* v. *Dedman*, 157 *Ga.* 632 (2) (122 S. E. 45); *Tietjen* v. *Dobson*, 170 *Ga.* 123 (4) (152 S. E. 222, 69 A.L.R. 1408); *Williamson* v. *Prather*, 188 *Ga.* 545 (1) (4 S. E. 2d 140); *Wright* v. *Anthony*, 205 *Ga.* 47 (1) (52 S. E. 2d 316).

Where, as here, it was alleged in the petition that the defendant agreed that the line as contended by the plaintiff was the true and correct line, and that the agreement was acted upon by each of the parties, the plaintiff having thereafter cut and removed pine timber for electric-light poles up to said described line without objection from the defendant, and where there was evidence, though conflicting, which tended to support the above allegations of the petition, the trial court did not err in charging the jury the above-stated principle as to when an unascertained boundary line may be established by parol agreement of coterminous landowners.

3. The charge as a whole was full and fair and adequately covered the contentions of the parties and the principles of law applicable thereto. Accordingly, the charges complained of were not erroneous for any reason assigned.

The general grounds of the motion for new trial having been abandoned, the trial court did not err in denying the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents from the ruling in division one of the opinion and from the judgment of affirmance.*