18895, 18900.   MARTIN *v.* SMITH; and *vice versa.*

Argued March 14, 1955—Decided April 11, 1955— Rehearing denied May 11, 1955.

*Myrick & Myrick, Ralph Dawson,* for plaintiff in error.

*J. T. Grice,* contra.

HEAD, Justice. ■ In ground one of the amended motion for new trial it is insisted that the verdict in favor of the defendant is contrary to the evidence and without evidence to support it, in that the testimony of the defendant, and an amendment filed by him to his answer, show that he was not to take any interest in the land described in the "two certain deeds" under attack until after the death of the grantor. Counsel for both parties treat this ground as an amplification of the general grounds.

It is contended that the two instruments were in law wills, and not being executed in the manner required for wills, "the said instruments purporting to be deeds were not admissible in evidence and were not entitled to be considered by the jury in the nature of deeds." It is not shown anywhere in the motion for new trial that any objection was made to the admission of the deeds in evidence. The trial judge charged the jury on the degree of mental capacity required to make a deed, and there is no exception to this charge on the ground that the instruments under attack were not in fact deeds.

The first instrument, attached to the petition as "Exhibit B," is in the form of a deed. It calls itself an indenture, recites a

consideration in hand paid before the sealing and delivery thereof, and that the grantor "has granted, bargained, aliened, conveyed and by these presents does grant, bargain, sell, alien and convey." The habendum clause is "to the said party of the second part, in fee simple;" and "warrants the title to said land against the lawful claims of all persons." It does contain this language: "This conveyance is made with the distinct reservation by the grantor that she retains for herself an exclusive control of all of said lands as long as she may live, and to have the right to use them as her own and as she sees fit, including the working and selling of timber during the remainder of her natural life."

The second instrument attached to the petition recites that it is an indenture, recites a consideration paid "at and before the sealing and delivery of these presents," and that the grantor has "bargained, granted, sold and conveyed and by these presents does hereby bargain, grant, sell and convey unto the said party of the second part, his heirs and assigns, the following described property." The habendum clause conveys the land to the defendant forever in fee simple, and warrants the title against the claims of all persons. There is no restriction or limitation of any kind or character in the second instrument, which in every respect and in every detail is a warranty deed, duly executed and recorded.

The sole authority cited by the plaintiff in her brief in support of the contention that the deeds were not in fact deeds, but "were in effect a will," is Code § 113-102. This section, pertaining to wills, and § 29-103, pertaining to deeds, clearly show that, if the intention by the grantor is to convey a present estate, although possession be postponed until the death of the grantor, the instrument is a deed.

Under the rulings of this court in *Patellis* v. *Tanner*, 197 *Ga.* 471 (29 S. E. 2d 419), where many of the authorities defining the distinction between a deed and a will are correlated, and *Smith* v. *Thomas*, 199 *Ga.* 396, 399 (34 S. E. 2d 278), where other authorities are cited, the instruments in question are warranty deeds, and are not wills. See also *Cumming* v. *Cumming*, 3 *Ga.* 460; *Bunn* v. *Bunn*, 22 *Ga.* 472; *First National Bank of Gainesville* v. *Cody*, 93 *Ga.* 127 (19 S. E. 831); *Wynn* v. *Wynn*, 112

*Ga.* 214 (37 S. E. 378); *Watkins* v. *Nugen,* 118 *Ga.* 372 (45 S. E. 262); *Kytle* v. *Kytle,* 128 *Ga.* 387 (57 S. E. 748); *Smaha* v. *George,* 195 *Ga.* 412 (24 S. E. 2d 385).

■ In the next ground upon which the plaintiff relies, it is asserted that the court erred in excluding the testimony of the plaintiff that she had performed services for the deceased. It is insisted in the brief of the plaintiff that Code § 38-1603 (1), with reference to parties testifying to transactions with deceased parties, applies only when an administrator or executor is one of the opposite parties, and it is said: "There can be no doubt about this. The following authority is conclusive on the subject, and . . . requires a new trial to be granted in this case. *Austin* v. *Collier,* 112 *Ga.* 247 [37 S. E. 434]."

The plaintiff contends that the testimony was material for consideration by the jury in reaching a determination as to what prompted Mrs. Smith to make the devise to the plaintiff, and in determining whether or not Mrs. Smith made the deeds voluntarily and in good faith to the defendant.

The trial judge properly excluded this evidence. This court has repeatedly held that the grantee of a deceased person is an assignee or transferee of such deceased person within the meaning of Code § 38-1603 (1), wherein it is provided that, "Where any suit shall be instituted or defended . . . by an . . . assignee, or transferee . . . of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . . deceased person as to transactions or communications with such . . . deceased." See *Donald* v. *Groves,* 160 *Ga.* 163 (126 S. E. 583); *Sikes* v. *Seckinger,* 173 *Ga.* 673, 677 (160 S. E. 911); *Brooks* v. *Brooks,* 185 *Ga.* 549, 553 (195 S. E. 869); *Smith* v. *Smith,* 187 *Ga.* 743, 747 (2 S. E. 2d 417).

The case of *Austin* v. *Collier,* supra, cited by counsel for the plaintiff, was expressly overruled in *Kramer* v. *Spradlin,* 148 *Ga.* 805 (98 S. E. 487).

Furthermore, the only issue made by the pleadings was whether or not the deeds made by Mrs. Smith to the defendant were valid deeds. The will of Mrs. Smith had been duly probated, and the validity of the will was not in issue in the cause. Testimony which might tend to show why Mrs. Smith had made a will de-

vising her property in Bryan County to the plaintiff would not be germane to the issue on trial.

■ It is next contended that the court erred in failing to charge a contention by the plaintiff, set forth in her pleadings, that the deeds were procured by false and fraudulent representations made by the defendant to Mrs. Smith.

It appears from the charge of the court attached to the record that the trial judge fully defined fraud and charged thereon, and instructed the jury that fraud might exist from misrepresentations made with a design to deceive, or by suppression of a fact material to be known; that it might be consummated by signs and tricks; that it would not be presumed, but being subtle, slight circumstances might be sufficient to carry conviction of its existence.

The complaint of the plaintiff in grounds 3, 5, 6, and 7 is based on the proposition that the trial judge, in stating the contentions of the plaintiff, failed to state that one of the contentions was that the deeds had been procured by false and fraudulent representations. Ground 9 assigns error on the charge of the court on fraud, it being contended that the court should have applied the abstract principles of fraud to the contentions of the plaintiff.

These grounds of the amended motion for new trial, upon which the third contention of the plaintiff is made in this court, are incomplete and present nothing for review by this court.

It is a well-established rule that a charge not supported by evidence is error. *Bethune* v. *McCrary*, 8 *Ga.* 114; *Henderson* v. *Stiles*, 14 *Ga.* 135; *Wall* v. *McCrary*, 36 *Ga.* 56; *Jones* v. *State*, 65 *Ga.* 506; *Heard* v. *Coggins*, 134 *Ga.* 52 (67 S. E. 429); *Betts* v. *State*, 157 *Ga.* 844 (122 S. E. 551); *Stonecypher* v. *Elliott*, 181 *Ga.* 438 (182 S. E. 587); *Hogan* v. *Cowart*, 182 *Ga.* 145, 147 (8) (184 S. E. 884). In *Birmingham & Atlantic Air-Line Railroad &c. Co.* v. *Walker*, 101 *Ga.* 183 (28 S. E. 534), and in *Smoot* v. *Alexander*, 192 *Ga.* 684 (16 S. E. 2d 544), it was specifically held that a charge upon a contention not supported by evidence is reversible error.

Each ground of a motion for new trial must be complete within itself, and not require reference to the brief of evidence or some other part of the record for an understanding of the errors complained of. *Shaw* v. *Jones, Newton & Co.*, 133 *Ga.* 446 (9) (66

S. E. 240); *Davis* v. *Gaskins,* 137 *Ga.* 450, 451 (2) (73 S. E. 579); *Fidelity &c. Co.* v. *Geiger,* 142 *Ga.* 438 (83 S. E. 92); *Daniel* v. *Schwarzweiss,* 144 *Ga.* 81 (86 S. E. 239); *City of Jackson* v. *Wilson,* 146 *Ga.* 250 (4) (91 S. E. 63); *Riley* v. *State,* 153 *Ga.* 182, 183 (8) (111 S. E. 729); *Stovall* v. *New York Underwriters Ins. Co.,* 182 *Ga.* 163 (185 S. E. 241); *Ewing* v. *State,* 183 *Ga.* 127 (187 S. E. 628); *Martin* v. *Martin,* 185 *Ga.* 99 (194 S. E. 586); *Sims* v. *State,* 195 *Ga.* 485 (25 S. E. 2d 1); *Jones* v. *Jones,* 196 *Ga.* 492, 496 (26 S. E. 2d 602); *Harrison* v. *Lovett,* 198 *Ga.* 466, 473 (31 S. E. 2d 799); *Robinson* v. *Murray,* 198 *Ga.* 690 (3) (32 S. E. 2d 496); *Pippin* v. *State,* 205 *Ga.* 316, 317 (7) (53 S. E. 2d 482).

In *Harrison* v. *Lovett,* 198 *Ga.* 466, 473 (31 S. E. 2d 799), with reference to the grounds of a motion for new trial, it was said: "Each ground of a motion for new trial must be complete and understandable within itself; and reference to other grounds, the brief of evidence, the charge of the court, or to other parts of the record, should not be required in order to understand assignments of error." In the same connection, see *Head* v. *State,* 144 *Ga.* 383 (87 S. E. 273); *Fouts* v. *State,* 175 *Ga.* 71, 72 (9) (165 S. E. 78); *Dowdell* v. *State,* 200 *Ga.* 775, 776 (3) (38 S. E. 2d 780).

In none of the amended grounds is any testimony set forth in the ground, or attached thereto as an exhibit. There is nothing in any ground of the motion to show that there was any evidence of any character that the deeds executed to the defendant were procured by false and fraudulent representations by the defendant. The brief of evidence contains approximately 200 pages. Since the plaintiff has not pointed out a scintilla of testimony in support of her contentions in any of the grounds, this court will not assume the burden of scrutinizing the testimony of the many witnesses to see if a charge was required on false and fraudulent representations.

The three contentions made by the plaintiff in this court do not show error, and the trial judge properly denied the amended motion for new trial.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*